IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| WARD DEAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 3:08-CV-125-RS-MD |
| | ) |
| THE INTERNAL REVENUE SERVICE, | ) |
| C. NICHOLS, R.A. MITCHELL, and | ) |
| AS-YET UNNAMED IRS | ) |
| AGENTS/OFFICERS, | ) |
| | ) |
| Defendants. | ) |

## MOTION TO DISMISS

The United States of America, the real party in interest, through undersigned counsel and on behalf of named and unnamed defendants, hereby moves to dismiss this action in accordance with Rules 12(b)(1), 12(b)(4), and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, insufficiency of process and of service of process, and failure to state a claim upon which relief can be granted.

Plaintiff's complaint should be dismissed because Plaintiff failed to name the proper party to this action, the United States.  Moreover, this Court is without jurisdiction to adjudicate Plaintiff's complaint because  the United States has not waived sovereign immunity, and the Declaratory Judgment Act and Anti-Injunction Act specifically prohibit the relief sought. Finally, Plaintiff failed to state a claim upon which relief may be granted, by asserting that the United States' federal tax lien should be released under an inapplicable Florida Statutes.   For

these reasons, set forth in more detail in the accompanying memorandum of law, the Court should dismiss Plaintiff's complaint, with prejudice.

                                              GREGORY R. MILLER
                                              United States Attorney

                                              /s/ Katherine Walsh
                                              KATHERINE WALSH
                                              Trial Attorney, Tax Division
                                              U.S. Department of Justice
                                              P.O. Box 14198
                                              Ben Franklin Station
                                              Washington, D.C.  20044
                                              Telephone:  (202) 514-5891
                                              Facsimile: (202) 353-7205
                                              katherine.walsh@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| WARD DEAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:08-CV-125-RS-MD |
| ) | |
| THE INTERNAL REVENUE SERVICE, ) | |
| C. NICHOLS, R.A. MITCHELL, and ) | |
| AS-YET UNNAMED IRS ) | |
| AGENTS/OFFICERS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS**

Defendant, the United States of America, by and through its undersigned attorney, submits the following memorandum in support of its motion to dismiss.  The Court should dismiss Plaintiff's complaint because: (1) the Internal Revenue Service, C. Nichols, R.A. Mitchell and as-yet unnamed IRS Agent/Officers are improper parties to this action; (2) the Court lacks subject matter jurisdiction both because: (a) the United States has not waived immunity to suit; and (b) Congress has expressly prohibited the relief sought under the Declaratory Judgment Act and the Anti-Injunction Act; and (3) Plaintiff failed to state a claim upon which relief can be granted even under the state statutes cited.

**I.    BACKGROUND**

On February 29, 2008, Plaintiff initiated suit by filing the Complaint in the Circuit Court, of the First Judicial Circuit, in and for Escambia County, Florida.  Ward Dean v. Internal

Revenue Service, et al, Case No. 2008 CA 000671.  In the Complaint, Plaintiff attempts to discharge federal tax liens issued against Plaintiff's property.  On March 24, 2008, the United States of America timely removed the action to this Court.

## II.   ARGUMENT & AUTHORITIES

### A.   "The Internal Revenue Service," C. Nichols, R.A. Mitchell and "as-yet unnamed IRS Agents/Officers," are not proper defendants.

A complaint may be dismissed for a deficiency resulting in insufficient process.  FED. R. CIV. P. 12(b)(4).  The taxpayer has named the "The Internal Revenue Service," C. Nichols, R.A. Mitchell and "as-yet unnamed IRS Agents/Officers" as the defendants. An agency of the United States government cannot be sued in its own name without express congressional authority.  See Blackmar v. Guerre, 342 U.S. 512, 514 (1952).  Speicifically, the IRS cannot be sued as an individual entity.  Purk v. United States, 747 F. Supp. 1243, 1247 (S.D. Ohio 1989) ("the IRS . . . is not an independently suable [sic] entity").  The IRS, therefore, is not a proper defendant to this action.[1]  Further, an action should be treated as one against the United States of America where "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration."  Dugan v. Rank, 372 U.S. 609, 620 (1963); see also Stafford v. Briggs, 444 U.S. 527, 542 n.10 (1980).  Plaintiff's efforts to vacate federal tax liens and refer IRS officials for prosecution certainly interfere with public administration.  Thus, the Internal Revenue Service, Nichols, Mitchell and unnamed IRS agents/officers are not proper defendants

---

[1] Likewise, the individual defendants are not proper defendants.  Nichols and Mitchell are likely named because Mitchell signed the challenged Notice of Federal Tax Liens for Nichols.  An action against a defendant personally shall be construed as an action against the United States, if the relief sought affects the actions of the defendant in his capacity as a federal employee. See Dugan v. Rank, 372 U.S. 609, 620  (1963); Christensen v. Ward, 916 F.2d 1462, 1483 (10th Cir. 1990).  Here, it is clear that this is an action against the United States and should not be an action against the IRS employees named as Defendants to the suit.

in this action. For the reasons discussed below, the taxpayer's suit should be dismissed. However, even if the taxpayer's action is not dismissed, the United States should be substituted as the proper defendant, and the Internal Revenue Service, C. Nichols, R.A. Michell and "as-yet unnamed IRS Agents/Officers" should be dismissed from this action.

> B. The taxpayer's request for injunctive or declaratory relief is barred because the United States has not waived sovereign immunity.

Subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure can be challenged facially or factually. Lawrence v. Dunbar, 919 F.2d 1525, 1528-1529 (11th Cir.1990). "Facial attacks" on the complaint "require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." Id. at 1529 (quoting Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir.)). "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion." Id.

The United States of America, as sovereign, is immune from suit unless it has consented to be sued. United States v. Sherwood, 312 U.S. 584, 586 (1941). Further, the United States may define the terms and conditions upon which a litigant may proceed. United States v. Testan, 424 U.S. 392, 399 (1976); see also Library of Congress v. Shaw, 478 U.S. 310, 318 (1986). Waivers of sovereign immunity are to be strictly construed and no exceptions implied. United States v. Testan, 424 U.S. at 399; United States v. Nordic Village, Inc., 503 U.S. 30, 33 (1992); Irwin v. Department of Veterans Affairs, 498 U.S. 89, 94 (1990). In the absence of clear congressional intent, the courts routinely find no jurisdiction to entertain suits against the United States and dismiss any such actions. United States v. Mitchell, 445 U.S. 535, 538-39 (1980).

The complaint here cites no waiver of sovereign immunity.  Therefore, the action must be dismissed.

In addition, the taxpayer here seeks injunctive relief in the form of an order discharging liens of the United States that were issued pursuant to I.R.C. §§ 6321 and 6323 for the nonpayment of tax.  However, it is plain that injunctive relief is not appropriate.  The Anti-Injunction Act expressly precludes the Court from exercising jurisdiction over any action, such as the present case, that seeks to enjoin the collection of taxes.  26 U.S.C. § 7421(a).  Section 7421(a) of the Internal Revenue Code provides, in relevant part, that:

> (a) Tax.–Except as provided in Sections 6212(a) and (c), 6213(a), 6672(a), 6672(b), 6694(c), 7426(a) and (b)(1), and 7429(b) [of the Internal Revenue Code], no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

The purpose of § 7421 is to protect the expeditious collection of revenue and minimize pre-collection judicial intervention with that process.  South Carolina v. Regan, 465 U.S. 367, 376 (1984); Matter of LaSalle Rolling Mills, Inc., 832 F.2d 390, 392-93 (7th Cir. 1987).

No statutory or judicial exception to the Anti-Injunction Act applies in these circumstances.  The Supreme Court has held that a district court may issue an injunction only where a Plaintiff demonstrates the government cannot prevail under any circumstances and that an independent basis for equity jurisdiction exists.  Enochs v. Williams Packing & Nav. Co., 370 U.S. 1, 7 (1962).  Such an equitable remedy is not applicable in the instant case because Plaintiff cannot demonstrate that there are no circumstances under which the government can prevail; in fact, as demonstrated in Section C, the United States is likely to prevail.  Further, equitable relief is inappropriate in this action because Plaintiff could pay his tax liability and sue for a refund, or file an administrative appeal with the Internal Revenue Service challenging the filing of the lien.

Morse v. United States, No. 2:07-CV-249, 2007 WL 4287535, at *4-5 (M.D. Fla. Dec. 4, 2007) (holding similar claim under Fla. Stat. § 713.21 barred by the Anti-Injunction Act).  Therefore, this Court is without jurisdiction to grant the injunctive relief requested by the taxpayer.

The taxpayer's suit may also be construed as requesting declaratory relief–an order declaring the federal tax liens invalid.  The Declaratory Judgment Act, 28 U.S.C. § 2201(a), prohibits this.  While it authorizes federal courts to issue declaratory judgments, it does so "except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986. . . ."  Section 7428 of the Internal Revenue Code addresses declaratory judgments relating only to the status and classification of organizations under 26 U.S.C. § 501(c)(3).   Thus, under the Declaratory Judgment Act, suits for declaratory relief in federal tax cases, aside from limited exceptions not applicable here, are not permissible.  See, e.g., Hughes v. United States, 953 F.2d 531, 536-37 (9th Cir. 1992); Jensen v. I.R.S., 835 F.2d 196, 198 (9th Cir. 1987); Morse, 2007 WL 4287535, at *4 (holding similar challenge barred by Declaratory Judgment Act).  No other statute or case law provides jurisdiction for this Court to grant declaratory judgment in this case.  Therefore, this Court is without jurisdiction to grant the taxpayer her requested relief.

  C. <u>The taxpayer has failed to state a claim upon which relief can be granted.</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the Complaint.  FED. R. CIV. P. 12(b)(6).  To survive a motion to dismiss, a complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true ."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007); Watts v. Fl. Int'l Univ., 495 F.3d 1289, 1296 (11th Cir. 2007) ("The Court has instructed us that the rule 'does not impose a probability requirement at the

pleading stage,' but instead 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." (quoting Twombly)).

Through this action, the taxpayer seeks to discharge and cancel the notices of federal tax lien filed by Defendant against Plaintiff in Escambia County, Florida.  The taxpayer seeks relief under numerous Florida Statutes, none of which permit the Court to discharge a Notice of Federal Tax Lien.  Florida state law cannot be used to cancel federal tax liens.  See, e.g., Christiansen v. I.R.S., No. 6:01-CV-74, 2001 WL 34113853 (M.D. Fla. Apr. 16, 2001).  Federal tax liens are only released pursuant to federal law.  26 U.S.C. § 6325(a) sets forth only two bases upon which a lien may be released: (1) the liability is either satisfied or has become legally unenforceable, or (2) an appropriate bond is furnished.  In this case, the complaint makes neither of the factual assertions necessary to support the Secretary's duty to release the federal tax lien filed against the taxpayer.  Plaintiff also cites erroneously to 26 U.S.C. § 7403 to support the assertion that the liens were improperly filed, by an unauthorized delegate of the Secretary of the Treasury.  26 U.S.C. § 7403(a) only states the requirements for filing an action to enforce a lien, not the requirements for filing a lien.  26 U.S.C. § 7403(a).  Accordingly, the complaint fails to state a claim upon which relief can be granted and should be dismissed.

### III.  CONCLUSION

For the reasons stated above, the Court should dismiss Plaintiff's Complaint, with prejudice, and grant whatever relief justice may require.

Dated: May 1, 2008                                  Respectfully Submitted,

                                                    GREGORY R. MILLER
                                                    United States Attorney

                                                     /s/ Katherine Walsh
                                                    Katherine Walsh
                                                    Trial Attorney, Tax Division
                                                    United States Department of Justice
                                                    Post Office Box 14198
                                                    Ben Franklin Station
                                                    Washington, DC 20044
                                                    Telephone (202) 353-7205
                                                    Katherine.Walsh@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing MOTION TO DISMISS AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS was filed electronically on CM/ECF and by depositing a copy in the United States mail, postage prepaid on May 1, 2008, to the following:

>WARD DEAN
>06076-017
>Federal Prison Camp
>110 Raby Avenue
>Pensacola, FL 32509-5127

    /s/ Katherine Walsh
Katherine Walsh
Trial Attorney, Tax Division
U.S. Department of Justice