### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

Ward Dean,
    Plaintiff

v.
                                 Case No.:  3:08-CV-125-RS-MD

United States of America,
    Defendant

### FIRST AMENDED COMPLAINT

1.    Pursuant to FRCivP Rule 15(a)(1)(A) and N.D. Fla. Loc.
R. 15.1, Plaintiff Ward Dean brings this amended complaint
for quiet title action and injunctive and declaratory relief
against the Defendant and its agents who perpetrated the
wrongful acts and procedurally invalid liens and levy against
Plaintiff's property, described herein.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction pursuant to 28 U.S.C.
§§ 2410(a) and 1340, as well as 26 U.S.C. §§ 6203, 6303(a), 6321,
6323(f), and 6331 and their implementing regulations, which
together specify and mandate the requirements and procedures
with which the Defendant's agencies and their agents must
comply in order for subject liens and levy to be procedurally
valid.

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA, FLA.

2008 JUL 10  PM 12: 04

FILED

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff is a natural person whose residence is in Escambia County, although he is currently a federal prisoner at Federal Prison Camp, Pensacola, at Saufley Field.

5. Defendant, United States of America is a municipal corporation with headquarters in Washington, DC.

## FACTS AND NATURE OF ACTION

6. On November 22nd, 2006, alleged agents of Defendant issued, or caused to be issued, and had recorded on December 5th, 2006, in Escambia County, Florida, a <u>Notice of Federal Tax Lien</u> (NFTL) in the amount of $61,981.10, a copy of which is attached hereto as <u>Exhibit A</u>, and is hereby made a part herof.

7. On January 8th, 2007, alleged Revenue Officer "C. Nichols" sent a <u>Notice of Levy on Wages, Salary and Other Income</u> to the <u>Defense Finance and Accounting Service</u> (DFAS), claiming that Plaintiff had an "Unpaid balance of Assessment" plus "Statutory Additions" totalling "93299.86" (<u>Exhibit B</u>).

8. On February 21st, 2007, DFAS notified Plaintiff that DFAS would levy "2606.88" of Plaintiff's military retirement pay, beginning April 2nd, 2007 (<u>Exhibit C</u>).

2

9. On September 19th, 2007, alleged agents of Defendant issued, or caused to be issued, and had recorded on October 2nd, 2007, in Escambia County, Florida, a second Notice of Fedeeral Tax Lien (NFTL) in the amount of $2,512,258.43, a copy of which is attached hereto as Exhibit D, and is hereby made a part hereof.

### COUNT I. Procedural Invalidity of the Liens

10. 26 U.S.C. § 6203 requires that "The assessment shall be made by recording the liability ... in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary. Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the assessment."

11. Treasury Regulation 26 CFR § 301.6203-1 requires, in pertinent part, that "If the taxpayer requests a copy of the record of assessment, he shall be furnished a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period if applicable, and the amounts assessed."

12. 26 U.S.C. § 6303 ("Notice and Demand for Tax") and its implementing regulation, 26 CFR § 301.6303-1, establish the requirement to give notice and demand for payment to each person liable for an unpaid tax.

13. In turn, 26 U.S.C. § 6321 provides for a lien to automatically arise when a person liable fails to make payment of a tax that is demanded via a "Notice and Demand" pursuant to § 6303.

3

14. Prior to March 17th, 2005, Plaintiff requested a copy of the records of assessment for years 1995 through 2002 from the Secretary of the Treasury, as well as from the IRS FOIA Disclosure Office, pursuant to the requirements of 26 U.S.C. § 6203, and 26 CFR § 301.6203-1.

15. Plaintiff's requests for copies of his assessment records were not complied with.

16. Plaintiff further alleges that he has not received the Notice and Demand for Payment as required by 26 U.S.C. § 6303 and 26 CFR § 301.6303-1 for assessments for years 1995 through 2005.

17. The failure of the Defendant's agents to comply with the aforesaid statutory and regulatory requirements renders the subject NFTLs and NOL <u>procedurally invalid</u>.

### COUNT II.  Failure to Verify/Certify NFTLs/NOL

18. 26 U.S.C. § 6323(f) requires NFTLs to be filed pursuant to state law.

19. The <u>Florida Uniform Federal Lien Registration Act</u> (FS 713.901) requires that NFTLs filed in the state of Florida be accompanied by appropriate <u>certification</u>.

20. 26 U.S.C. § 6065 requires that "[A]ny return, declaration, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall contain or be verified by a written declaration that it is made under the penalties of perjury."

4

21.  The subject NFTLs and NOL contained no such declaration or certification as required by § 6065 and/or FS 713.901.

22.  Plaintiff alleges that without the required written declaration or certification that the NFTLs and NOL had been made under penalty of perjury, they are <u>procedurally invalid</u>.

### COUNT III.  Wrongful Levy

23.  Notwithstanding the underlying procedural invalidity of the Notice of Levy sent by the IRS to the <u>Defense Finance and Accounting Service</u> (DFAS) (<u>Exhibit B</u>), DFAS is itself unlawfully treating the NOL as if it is a <u>continuing levy</u>, in violation of its own regulations.

24.  Following notification of Plaintiff by DFAS on February 21st, 2007 (<u>Exhibit C</u>), DFAS has continuously collected $2,606.88 each month (approximately 70% of Plaintiff's military retirement pay) since April 2nd, 2007.

25.  <u>Department of Defense Financial Management Regulation</u> (DoDFMR) 281101 states that:

> IRS tax levies are requests for <u>one-time</u> deduction
> from a member's retired pay to collect back taxes owed.
> If the amount collected in any particular month is
> not enough to pay off the member's tax debt, the IRS
> may issue <u>additional tax levies</u> to cover later months
> of retired pay income.  (<u>Exhibit E</u>) [Emphasis added]

26.  Plaintiff alleges that no Levy or Notice of Levy has been issued by IRS to DFAS subsequent to that of 01/08/2007.

27.  Plaintiff further alleges that DFAS, in the absence of the receipt of any Notice of Levy subsequent to that of 01/08/2007, by continuously collecting from Plaintiff's military retirement pay, is in clear violation of DoD FMR 281101.

5

## COUNT IV.  Authenticity and Authority of Signatories

28.  The subject NFTLs that were filed in the land
records of the Clerk, Escambia County Florida (Exhibits
A and B) were purported to be prepared and authorized
by Revenue Officers "C. Nichols" and "R.A. Mitchell."

29.  The NOL (Exhibit B) that was filed with the
Defense Finance Accounting Service (DFAS) was purported
to be authorized and signed by Revenue Officer "C. Nichols."

30.  Pursuant to 5 U.S.C. § 2931311 ("Official Personnel
Folder--Availability of Information") and 5 U.S.C. § 552(a)
("Freedom of Information Act"),                Plaintiff
requested identifying information concerning the complete
name, pay grade, job title, job description and authority
of "C. Nichols" and "R.A. Mitchell."  (Exhibit F)

31.  Plaintiff was advised by the Internal Revenue
Service Disclosure Office that "these employees could
not be located on the Public Information Listing (PIL)"
(Exhibit G).

32.  Plaintiff alleges that the entity "C. Nichols"
is not the name of a real human being employed by the
IRS, and is, in fact, a pseudonym.

33.  Plaintiff further alleges that the entity "R.A.
Mitchell" is not the name of a real human being employed
by the IRS, and is, in fact, a pseudonym.

34.   Internal Revenue Manual (IRM) Part I (Organization,
Finance and Management); Chapter 2 (Servicewide Policies
and Authorities); Section 4 (Use of Pseudonyms by Internal
Revenue Service Employees); Sub-Paragraph 7 (Additional
Information); Sub-Sub-Paragraph 2, holds that:

> Sworn documents and/or any other document filed
> with any court, including but not limited to affidavits
> used in connection with enforcing summonses and
> obtaining writs of entry, may only be signed with
> the approved pseudonym if the document states that
> it is signed using a pseudonym.  Absent such a statement,
> the document must be signed using the declarant's
> legal name and should be filed with the court as
> a sealed document.  [Emphasis added]

35.   The subject NFTLs and NOL were not accompanied
by a statement that the names on the documents were pseudonyms.

36.   The subject NFTLs were not filed under seal.

37.   Plaintiff alleges that the subject NFTLs were
filed in violation of policies enumerated above in the
Internal Revenue Manual (IRM), and are invalid and are
of no force and effect.

38.   Plaintiff further avers that the use of pseudonyms
on official documents is in violation of 18 U.S.C. § 1001(a)(3),
and Florida Statute 843.0855 ("Criminal actions under
color of law or through use of simulated legal process"),
and that the documents are thus invalid and of no force
and effect.

39.   Alternatively, if indeed the alleged pseudonymous
agents/employees are real human beings using their legal names,
Plaintiff alleges that one or both of these entities do not
have the authority to act on behalf of the IRS and lack the
authority to impress a binding lien against Plaintiff's property.

7

### COUNT V.  Absence of Court Order or Warrant of Distraint

40.  26 U.S.C. §§ 3690-3697 of the 1939 tax code (predecessor sections to § 6331 of the 1954 tax code) required that liens and levies be supported by court orders or warrants of distraint.

41.  U.S. Code Congressional and Administrative News, Volume 3, 1954, stated that "This section [26 U.S.C., § 6331 of the 1954 code] continues in effect the provisions of existing law relating to distraint and levy (see Sections 3690 and 3692 of the present Internal Revenue Code)."

42.  The NFTLs and NOL in the instant case are completely unsupported by any court orders or warrants of distraint.

43.  Plaintiff avers that the NFTLs and NOL are thus procedurally invalid.

### COUNT VI--Collection on Military Retirement Pay in Excess of that Allowed by Law

44.  Notwithstanding the aforesaid procedural invalidities of the NOL set forth above, all of which are incorporated herein and realleged, Defendant's agent IRS has wrongfully directed Defendant's agent DFAS to continuously withhold/collect approximately 70% of Plaintiff's military retirement pay since April 2nd, 2007, in violation of both 26 U.S.C. § 6331(h) ("Continuing levy on certain payments"), as well as DoD FMR 281101.

45.  Pursuant to 26 U.S.C.  § 6331(h)(1), a "...continuous levy shall attach to up to 15% of any specified payment due to the taxpayer."  [Emphasis added]

46.  Plaintiff alleges that if, arguendo, the levy on his retirement pay is valid, Defendant has wrongfully collected far more than the IR code allows.

8

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff prays that this complaint be received and filed and after due consideration, this honorable Court will:

1. Declare procedurally null and void the Notice of Federal Tax Lien filed against the Plaintiff in the amount of $61,981.10, set forth as Exhibit A.

2. Declare procedurally null and void the Notice of Federal Tax Lien filed against the Plaintiff in the amount of $2,512,258.43, set forth as Exhibit D.

3. Declare that the aforesaid Notices of Federal Tax Lien are procedurally defective in that the statutes, rules, regulations and administrative procedures relative to the proper assessment, Notice, Demand and perfections have not been complied with as required by law.

4. Declare and adjudicate that as a result of the failure to follow the aforesaid statutes, rules, regulations and administrative procedures, said liens are null and void and are without any force and effect.

5. Declare and Order the Clerk of the Court of Escambia County, Florida, to Vacate and Cancel said liens in the books and records of escambia County, and mark said books and records to clearly reflect that no taxes are owed by Plaintiff, and that the Defendant, United States of America, its officers, agents and subordinates, including but not limited to the IRS have no lien or claim of indebtedness against any real or personal property owned or possessed by the Plaintiff.

9

6.   Declare procedurally null and void the Notice of Levy filed against Plaintiff's military retirement pay with the Defense Finance Accounting Service (DFAS).

7.   Alternatively, if this Court finds the Notice of Levy to be somehow valid, Order the Defense Finance Accounting Service to comply with Department of Defense Financial Management Regulation 281101, and treat the NOL as a one-time request to collect, requiring subsequent monthly levies to collect any alleged shortfalls.

8.   Furthermore, Plaintiff requests that this Court Order DFAS to restore to Plaintiff the monthly retirement payments that have been wrongfully conveyed by DFAS to the IRS.

9.   Plaintiff prays for any other general or specified relief, under law or equity, to which he may be entitled.

Pursuant to 28 U.S.C. § 1746, Plaintiff declares under penalty of perjury, that to his knowledge and belief, the foregoing is true and correct.  Executed on this $8\underline{\text{th}}$ day of July, 2008.

                              Respectfully submitted,

                              Ward Dean
                              Plaintiff, Pro Se
                              06076-017
                              Federal Prison Camp
                              110 Raby Avenue
                              Pensacola, Florida  32509-5127

**10**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **First Amended Complaint** was sent by first class mail on ___8___ July, 2008,

to:

      Katherine Walsh
      Trial Attorney, Tax Division
      U.S. Department of Justice
      P.O. Box 14198
      Ben Franklin Station
      Washington, DC   20044

                         Respectfully submitted,

                         Ward Dean
                         Plaintiff, Pro Se
                         06076-017
                         Federal Prison Camp
                         110 Raby Avenue
                         Pensacola, Florida   32509-5127

11

Recorded in Public Records 12/05/2006 at 01:28 PM   OR Book 6042   Page 1660,
Instrument #2006120508,   Ernie Lee Magaha Clerk of the Circuit Court Escambia
County, FL Recording $10.00

## $ 10.00 DUE

| | 7131 | | Department of the Treasury - Internal Revenue Service | | |
|---|---|---|---|---|---|

**Form 668 (Y)(c)**
(Rev. February 2004)

### Notice of Federal Tax Lien

| Area:<br>SMALL BUSINESS/SELF EMPLOYED AREA #3<br>Lien Unit Phone: (800) 913-6050 | Serial Number<br><br>330071806 | For Optional Use by Recording Office |
|---|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue
Code, we are giving a notice that taxes (including interest and penalties)
have been assessed against the following-named taxpayer. We have made
a demand for payment of this liability, but it remains unpaid. Therefore,
there is a lien in favor of the United States on all property and rights to
property belonging to this taxpayer for the amount of these taxes, and
additional penalties, interest, and costs that may accrue.

Name of Taxpayer WARD DEAN

Residence      8799 BURNING TREE RD
               PENSACOLA, FL 32514

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below,
unless notice of the lien is refiled by the date given in column (e), this notice shall,
on the day following such date, operate as a certificate of release as defined
in IRC 6325(a).

| Kind of Tax<br>(a) | Tax Period<br>Ending<br>(b) | Identifying Number<br>(c) | Date of<br>Assessment<br>(d) | Last Day for<br>Refiling<br>(e) | Unpaid Balance<br>of Assessment<br>(f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1996 | XXX-XX-2485 | 04/24/2000 | 05/24/2010 | 59980.52 |
| 6682 | 12/31/2001 | XXX-XX-2485 | 07/01/2002 | 07/31/2012 | |
| 6682 | 12/31/2001 | XXX-XX-2485 | 07/08/2002 | 08/07/2012 | 1000.58 |
| 6702 | 12/31/1997 | XXX-XX-2485 | 04/03/2000 | 05/03/2010 | 500.00 |
| 6702 | 12/31/1998 | XXX-XX-2485 | 11/27/2000 | 12/27/2010 | 500.00 |

| Place of Filing | | |
|---|---|---|
| CLERK OF CIRCUIT COURT<br>ESCAMBIA COUNTY<br>PENSACOLA, FL 32595 | Total  $ | 61981.10 |

This notice was prepared and signed at _____ JACKSONVILLE, FL ~. _____ , on this,

the ____ 22nd ___ day of __ November __ , 2006 .

Exhibit A

| Signature<br>*R. A. Mitchell*<br>for C. NICHOLS | Title<br>REVENUE OFFICER<br>(850) 430-1110 x1100 | 23-09-2414 |
|---|---|---|

(**NOTE:** Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office

Form 668(Y)(c) (Rev. 2-2004)
CAT. NO 60025X

LKY7012420202

| Form 668-W(ICS)<br>(Rev. July 2002) | Department of the Treasury – Internal Revenue Service  7012420202<br>**Notice of Levy on Wages, Salary, and Other Income** |
|---|---|

DATE: 01/08/2007

REPLY TO:  Internal Revenue Service
      **C. NICHOLS**
      125 W. ROMANA ST. SUITE 300
      **125 W. ROMANA ST., SUITE 300**
      **PENSACOLA, FL 32502-5857**

TELEPHONE NUMBER
OF IRS OFFICE: (850)430-1110

NAME AND ADDRESS OF TAXPAYER:
**WARD DEAN**
**8799 BURNING TREE RD**
**PENSACOLA, FL 32514**

TO:  **DEFENSE FINANCE AND ACCOUNTING SERV**
     **CLEVELAND CENTER - RETIREE PAY**
     **1240 E 9TH ST**
     **CLEVELAND, OH 44199-2055**

IDENTIFYING NUMBER(S):  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

**DEAN**

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/1996 | 58023.01 | 35276.85 | 93299.86 |
| | | | **Total Amount Due ⟹** | **93299.86** |

We figured the interest and late payment penalty to · **02-07-2007**

**THIS ISN'T A BILL FOR TAXES YOU OWE. THIS IS A NOTICE OF LEVY TO COLLECT MONEY OWED BY THE TAXPAYER NAMED ABOVE.**

The Internal Revenue Code provides that there is a lien for the amount shown above. Although we have given the notice and demand required by the Code, the amount owed hasn't been paid. This levy requires you to turn over to us: (1) this taxpayer's wages and salary that have been earned but not paid, as well as wages and salary earned in the future until this levy is released, and (2) this taxpayer's other income that you have now or for which you are obligated.

We levy this money to the extent it isn't exempt, as shown in the instructions.  Don't offset money this person owes you without contacting us at the telephone number shown above for instructions.

If you don't owe money to this taxpayer, please call us at the telephone number at the top of this form.  Instead of calling us you may complete the back of Part 3, attach it as a cover to the rest of this form, and return all parts to IRS in the enclosed envelope.

If you do owe money to this taxpayer, please see the back of this page for instructions on how to act on this notice.

| Signature of Service Representative ·<br>**C. NICHOLS** | Title<br>**REVENUE OFFICER** | Exhibit B |
|---|---|---|

LKY7062709542

## RETIREE ACCOUNT STATEMENT

| STATEMENT EFFECTIVE DATE | NEW PAY DUE AS OF | SSN |
|---|---|---|
| FEB 21, 2007 | APR 02, 2007 | 7062709542<br>2485 |

**DFAS POINTS OF CONTACT**

PLEASE REMEMBER TO NOTIFY DFAS IF YOUR ADDRESS CHANGES

DEFENSE FINANCE AND ACCOUNTING SERVICE
US MILITARY RETIREMENT PAY
PO BOX 7130
US MILITARY RETIREMENT PAY
PO BOX 7130
LONDON KY 40742-7130

COMMERCIAL (216) 522-5955
TOLL FREE 1-800-321-1080
TOLL FREE FAX 1-800-469-6559

CDR WARD F DEAN USN RET
8799 BURNING TREE RD
PENSACOLA FL 32514-5604

myPay
https://myPay.dfas.mil
1-877-363-3677

### PAY ITEM DESCRIPTION

| ITEM | OLD | NEW | ITEM | OLD | NEW |
|---|---|---|---|---|---|
| GROSS PAY | 3,990.00 | 3,990.00 | FITW | 653.95 | 653.95 |
| TAXABLE INCOME | 3,990.00 | 3,990.00 | TAX LEVIES | | 2,606.88 |
| | | | NET PAY | 3,336.05 | 729.17 |

### PAYMENT ADDRESS

8799 BURNING TREE ROAD
PENSACOLA, FL 32514-5604

### YEAR TO DATE SUMMARY (FOR INFORMATION ONLY)

| | |
|---|---|
| TAXABLE INCOME: | 11,970.00 |
| FEDERAL INCOME TAX WITHHELD: | 1,961.85 |

### TAXES

FEDERAL WITHHOLDING STATUS: SINGLE
TOTAL EXEMPTIONS: 00
FEDERAL INCOME TAX WITHHELD: 653.95

### SURVIVOR BENEFIT PLAN (SBP) COVERAGE

NO SBP ELECTION IS REFLECTED ON YOUR ACCOUNT.

DFAS-CL 7220/148 (REV 03-01)                                        DEAN

Exhibit C

Recorded in Public Records 10/02/2007 at 01:29 PM   OR Book 6227   Page 932,
Instrument #2007094265,   Ernie Lee Magaha Clerk of the Circuit Court Escambia
County, FL Recording $10.00

4811

**Form 668 (Y)(c)**
(Rev. February 2004)

Department of the Treasury - Internal Revenue Service

# Notice of Federal Tax Lien

| Area: | Serial Number | For Optional Use by Recording Office |
|---|---|---|
| SMALL BUSINESS/SELF EMPLOYED AREA #3<br>Lien Unit Phone: (800) 913-6050 | 392540607 | |

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer WARD DEAN

Residence          8799 BURNING TREE RD
                   PENSACOLA, FL 32514

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax<br>(a) | Tax Period<br>Ending<br>(b) | Identifying Number<br>(c) | Date of<br>Assessment<br>(d) | Last Day for<br>Refiling<br>(e) | Unpaid Balance<br>of Assessment<br>(f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1997 | XXX-XX-2485 | 09/03/2007 | 10/03/2017 | 250593.56 |
| 1040 | 12/31/1998 | XXX-XX-2485 | 09/03/2007 | 10/03/2017 | 442431.65 |
| 1040 | 12/31/1999 | XXX-XX-2485 | 09/03/2007 | 10/03/2017 | 226212.69 |
| 1040 | 12/31/2000 | XXX-XX-2485 | 09/03/2007 | 10/03/2017 | 208005.76 |
| 1040 | 12/31/2001 | XXX-XX-2485 | 09/03/2007 | 10/03/2017 | 217112.74 |
| 1040 | 12/31/2002 | XXX-XX-2485 | 09/03/2007 | 10/03/2017 | 242291.54 |
| 1040 | 12/31/2003 | XXX-XX-2485 | 09/03/2007 | 10/03/2017 | 289191.24 |
| 1040 | 12/31/2004 | XXX-XX-2485 | 09/03/2007 | 10/03/2017 | 322707.85 |
| 1040 | 12/31/2005 | XXX-XX-2485 | 09/03/2007 | 10/03/2017 | 313711.40 |

Place of Filing

CLERK OF CIRCUIT COURT
ESCAMBIA COUNTY
PENSACOLA, FL 32595

Total | $ | 2512258.43

This notice was prepared and signed at _____ JACKSONVILLE, FL _____ , on this,

the _____19th_____ day of ___September___, _2007_.

| Signature | K. A. Mitchell | Title<br>REVENUE OFFICER | 23-09-2414 |
|---|---|---|---|
| for C. NICHOLS | | (850) 430-1110 x1100 | |

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax Lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)

**Part 1 - Kept By Recording Office**

Form 668(Y)(c) (Rev. 2-2004)
CAT. NO.60025X

EXHIBIT D

    A.    There is a reasonable possibility that a waiver will be granted;

    B.    The government's interest will be protected if suspension is granted by reasonable assurance that the erroneous payment could be recovered if waiver is not granted;

    C.    The collection of the debt will cause undue hardship. See procedural instructions of the Military Service concerned.

## 2810 APPLICATION OF THE FEDERAL CLAIMS COLLECTION ACT

The Secretary of the Military Department concerned shall make all reasonable efforts to collect all claims of the United States for money or property arising out of the activities of, or referred to, that agency. Any claims that have not been referred to another agency for further collection action and do not exceed $20,000 exclusive of interest, may be compromised or collection action may be terminated when the Secretary concerned determines that no person liable in the claim has the present or prospective financial ability to repay the claim, or that cost of collecting the claim is likely to exceed the amount of recovery. See the appropriate regulation of the Military Department concerned.

    281001.    Army: AR 27-40 (reference (eg))

    281002.    Navy: NAVCOMPTINST 4365.1 (reference (eh))

    281003.    Air Force: AFR 112-1 (reference (ef))

## 2811 IRS TAX LEVIES

    281101.    Background. IRS tax levies are requests for one-time deduction from a member's retired pay to collect back taxes owed. If the amount collected in any particular month is not enough to pay off the member's tax debt, the IRS may issue additional tax levies to cover later months of retired pay income. Medal of Honor recipients are exempt from tax levy.

    281102.    Procedures. The IRS will transmit IRS Forms 668-W or 668-W(c) in five parts (the letter "c" designates a computer-generated form which is the same as the version of the form without the "c") which will identify the member; specify the amount of the tax liability; give instructions for providing due process; show how to compute the levy based on input from the taxpayer; and give the address to which to send the payment.

Read and follow the instructions on the IRS Form 668-W; in general, this requires notifying the taxpayer, computing the amounts available for payment to the IRS, and making the payment. Currently, the IRS Form 688-W requires the employer to send to the IRS all of the taxpayer's net pay less what is exempt from levy. Net pay is gross retired pay less all deductions and allotments in effect as of the date of receipt of IRS Form 688-W. Follow the instructions on that form when computing exemptions.

Exhibit E

October 17th, 2007

Disclosure Officer
IRS Disclosure Office
Stop 430
7850 SW 6th Ct.
Plantation, Floirda  33324

Dear Disclosure Officer:

This is a request under the Freedom of Information Act,
5 U.S.C. § 552, or regulations thereunder.  This is my
firm promise to pay fees and costs for locating and duplicating
the records requested below.  If some of this request
is expempt from release, please furnish me with those
portions reasonably segregable.  I am waiving personal
inspection of the requested records.

Background:  IRS has filed several Notices of Federal
Tax Lien against my property (Attached Exhibits A and B).

The Internal Revenue Manual (IRM), Chapter 12, "Federal Tax
Liens," Section 1, ¶ 5.12.1.3 (02-22-2000) **Approval Process,**
states, "1.  A determination to file a Notice of Federal
Tax Lien by revenue officers below GS-9 must be reviewed
and approved by the supervisor prior to the notice actually
being filed."

Pursuant to the Freedom of Information Act, as well as
5 C.F.R. § 293.311 **Availability of Information,** please
send me the six items of information enumerated by § 293.311,
with regard to the revenue officer who made the determination
to file the enclosed Notices of Federal Tax Lien.

Also, if the responsible revenue officer is below GS-9,
please send me the same enumerated items of information
for the supervisor who reviewed and approved the filing
of the enclosed Notices of Federal Tax Lien, as well as
a copy of any documents by which the supervisor signified
his review and approval of these Notices/Liens.

Thank you for your help.

Purusant to 28 U.S.C. § 1746, I declare under penalty
of perjury that the foregoing is true and correct.  Executed
on  17  October, 2007.

Sincerely,

Ward Dean
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

Ward Dean
06076-017
Federal Prison Camp
110 Raby Avenue
Pensacola, Florida  32509-5127

Ex  F



**DEPARTMENT OF THE TREASURY**
**INTERNAL REVENUE SERVICE**
**WASHINGTON, D.C. 20224**

SMALL BUSINESS/SELF-EMPLOYED DIVISION

October 29, 2007

Ward Dean
06076-017
Federal Prison Camp
110 Raby Avenue
Pensacola, Florida 32509

Dear Mr. Dean:

This is in response to your Freedom of Information Act (FOIA) request, dated October 17, 2007 and received in our office on October 26, 2007.

The first portion of your request was for the six items of information enumerated by 5 C.F. R. Section 293.311 regarding Revenue Officer C. Nichols and/or R.A. Mitchell.

As we previously advised on August 9, 2007 (copy of previous letter is enclosed), these employees could not be located on the Public Information Listing (PIL). A copy of our letter, dated September 6, 2007, explained that the PIL contains the six items designated by 5 C. F. R. Section 293.311.

The second portion of your request was for the same six items of information pertaining to the employee's supervisor, if the revenue officer is below GS-9. We found no documents responsive to your request. The enclosed Notice 393 explains your appeal rights.

Should you have any questions concerning this correspondence, you may contact Sr. Disclosure Specialist B.C. Ball, ID # 65-02093, by calling (954) 423-7486 or by writing to: Internal Revenue Service, Disclosure Office, Stop 4030, 7850 S.W. 6th Ct., Plantation, Florida 33324. Please refer to case number 07-2008-00154.

Sincerely,

B.C. Ball for

R. L. Commerson
Disclosure Manager, ID #56-688338
Greensboro Office

Enclosures (2)
Notice 393

Ex G