IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | | |
|---|---|---|
| WARD DEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:08-CV-125-RS-MD |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO DISMISS AMENDED COMPLAINT

The United States of America, through undersigned counsel moves to dismiss this action
in accordance with Rules 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject
matter jurisdiction. Specifically, this Court is without jurisdiction to adjudicate Plaintiff's
complaint because the United States has not waived sovereign immunity, and the Declaratory
Judgment Act and Anti-Injunction Act prohibit the relief sought.  For these reasons, set forth in
more detail in the accompanying memorandum of law, the Court should dismiss Plaintiff's
complaint, with prejudice.

GREGORY R. MILLER
United States Attorney


 /s/ Katherine Walsh
KATHERINE WALSH
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Ben Franklin Station
Washington, D.C.  20044
Telephone:  (202) 514-5891
Facsimile: (202) 353-7205
katherine.walsh@usdoj.gov

3468998.1

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | | |
|---|---|---|
| WARD DEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:08-CV-125-RS-MD |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**

Defendant, the United States of America, by and through its undersigned attorney,

submits the following memorandum in support of its motion to dismiss.  The Court should

dismiss Plaintiff's complaint because the Court lacks subject matter jurisdiction both because:

(a) the United States has not waived immunity to suit; and (b) Congress has expressly prohibited

the relief sought under the Declaratory Judgment Act and the Anti-Injunction Act.

**I.     BACKGROUND**

On February 29, 2008, Plaintiff initiated suit by filing complaint in the Circuit Court, of

the First Judicial Circuit, in and for Escambia County, Florida. Ward Dean v. Internal Revenue

Service, et al, Case No. 2008 CA 000671.  In the original complaint, Plaintiff attempted to

discharge federal tax liens issued against Plaintiff's property, erroneously citing various Florida

statutes.  On March 24, 2008, the United States of America timely removed the action to this

Court.  The United States then moved to dismiss the complaint on May 1, 2008, and Plaintiff

amended his complaint on July 10, 2008.  The Court denied the United States of America's

3468998.1

Motion to dismiss as moot on July 11, 2008.   Plaintiff's amended complaint cures some of the defects of the original complaint, but fails to establish subject jurisdiction for this Court. Accordingly, the United States now moves to dismiss Plaintiff's amended complaint.

## II.   ARGUMENT & AUTHORITIES

### A.   The United States Has Not Waived Sovereign Immunity

Subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure can be challenged facially or factually.  Lawrence v. Dunbar, 919 F.2d 1525, 1528-1529 (11th Cir.1990).  "Facial attacks" on the complaint "require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." Id. at 1529 (quoting Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir.)). "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion." Id.

The United States of America, as sovereign, is immune from suit unless it has consented to be sued.  United States v. Sherwood, 312 U.S. 584, 586 (1941).  Further, the United States may define the terms and conditions upon which a litigant may proceed.  United States v. Testan, 424 U.S. 392, 399 (1976); see also Library of Congress v. Shaw, 478 U.S. 310, 318 (1986). Waivers of sovereign immunity are to be strictly construed and no exceptions implied.  United States v. Testan, 424 U.S. at 399; United States v. Nordic Village, Inc., 503 U.S. 30, 33 (1992); Irwin v. Department of Veterans Affairs, 498 U.S. 89, 94 (1990).  In the absence of clear congressional intent, the courts routinely find no jurisdiction to entertain suits against the United States and dismiss any such actions.  United States v. Mitchell, 445 U.S. 535, 538-39 (1980). The complaint here cites no waiver of sovereign immunity, nor does such a waiver exist, as the

3468998.1

United States has not consented to a suit to discharge a tax lien under the circumstances alleged. In fact that relief is expressly barred, a point we discuss in more detail below.  Therefore, the action must be dismissed.

      **B.**    **Federal Law Expressly Prohibits the Plaintiff's Request for Injunctive or Declaratory Relief**

      As noted above, the taxpayer here seeks injunctive relief in the form of an order discharging liens of the United States that were issued pursuant to I.R.C. §§ 6321 and 6323 for the nonpayment of tax.  However, it is plain that injunctive relief is not appropriate.  The Anti-Injunction Act expressly precludes the Court from exercising jurisdiction over any action, such as the present case, that seeks to enjoin the collection of taxes.  26 U.S.C. § 7421(a).  Section 7421(a) of the Internal Revenue Code provides, in relevant part, that:

> (a) Tax.–Except as provided in Sections 6212(a) and (c), 6213(a), 6672(a), 6672(b), 6694(c), 7426(a) and (b)(1), and 7429(b) [of the Internal Revenue Code], no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

The purpose of § 7421 is to protect the expeditious collection of revenue and minimize pre-collection judicial intervention with that process.  <u>South Carolina v. Regan</u>, 465 U.S. 367, 376 (1984); <u>Matter of LaSalle Rolling Mills, Inc.</u>, 832 F.2d 390, 392-93 (7th Cir. 1987).

      No statutory or judicial exception to the Anti-Injunction Act applies in these circumstances.  The Supreme Court has held that a district court may issue an injunction only where a Plaintiff demonstrates the government cannot prevail under any circumstances and that an independent basis for equity jurisdiction exists.  <u>Enochs v. Williams Packing & Nav. Co.</u>, 370 U.S. 1, 7 (1962).  Such an equitable remedy is not applicable in the instant case because Plaintiff

- 4 -

cannot demonstrate that there are no circumstances under which the government will not prevail in this frivolous case.

Further, equitable relief is inappropriate in this action because Plaintiff has an adequate remedy at law.  Specifically, Plaintiff can pay the tax liability underlying the disputed lien, file a claim for refund, and if the claim is denied, file suit in the district court.  See 26 U.S.C. § 7422.  Additionally, to the extent Plaintiff contends the lien constitutes unauthorized collection activity, he can file an administrative claim for damages with the Internal Revenue Service under 26 U.S.C. § 7433.  Those remedies preclude the injunctive relief requested by the taxpayer.  Hobson v. Fischbeck, 758 F.2d 579, 580-81 (11th Cir.1985); Morse v. United States, No. 2:07-CV-249, 2007 WL 4287535, at *4-5 (M.D. Fla. Dec. 4, 2007) (holding similar claim under Fla. Stat. § 713.21 barred by the Anti-Injunction Act); Jennings v. United States, No. 8:07-cv-418, 2007 WL 3232477, at *2 (M.D. Fla. Nov. 11, 2007) (same).

The taxpayer's suit may also be construed as requesting declaratory relief.  In this regard, paragraphs 1-6 of Plaintiff's prayer for relief in the amended complaint all begin with "declare," and the overriding theme is Plaintiff's erroneous contention that the tax liens are invalid.  The Declaratory Judgment Act, 28 U.S.C. § 2201(a), prohibits this type of relief.  While generally it authorizes federal courts to issue declaratory judgments, it expressly prohibits declaratory judgment "with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986. . . ."  Section 7428 of the Internal Revenue Code addresses declaratory judgments relating only to the status and classification of organizations under 26 U.S.C. § 501(c)(3).  Thus, under the Declaratory Judgment Act, suits for declaratory relief in federal tax cases, aside from limited exceptions not applicable here, are not permissible.  See, e.g., Hughes v. United States, 953 F.2d 531, 536-37 (9th Cir. 1992); Jensen v. I.R.S., 835 F.2d

196, 198 (9th Cir. 1987); <u>Morse</u>, 2007 WL 4287535, at *4 (holding similar challenge barred by Declaratory Judgment Act).  No other statute or case law provides jurisdiction for this Court to grant declaratory judgment in this case.  Therefore, this Court is without jurisdiction to grant the taxpayer his requested relief.

**III.    CONCLUSION**

For  the reasons stated above, the Court should dismiss Plaintiff's Complaint, with prejudice, and grant whatever relief justice may require.


Dated: August 1, 2008                              Respectfully Submitted,

                                                   GREGORY R. MILLER
                                                   United States Attorney

                                                    /s/ Katherine Walsh
                                                   Katherine Walsh
                                                   Trial Attorney, Tax Division
                                                   United States Department of Justice
                                                   Post Office Box 14198
                                                   Ben Franklin Station
                                                   Washington, DC 20044
                                                   Telephone (202) 353-7205
                                                   Katherine.Walsh@usdoj.gov

3468998.1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing MOTION TO DISMISS AMENDED

COMPLAINT AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AMENDED

COMPLAINT was filed electronically on CM/ECF and by depositing a copy in the United States

mail, postage prepaid on August 1, 2008, to the following:

WARD DEAN
06076-017
Federal Prison Camp
110 Raby Avenue
Pensacola, FL 32509-5127

_/s/ Katherine Walsh_____
Katherine Walsh
Trial Attorney, Tax Division
U.S. Department of Justice

3468998.1