UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

Ward Dean,
    Plaintiff

v.                      Civil No: 3:08-CV-125-RS-MD

United States of America,
    Defendant

MOTION TO COMPEL
AND TO ENLARGE DISCOVERY PERIOD

Plaintiff Ward Dean moves this honorable court to find that Plaintiff's Discovery Request for Admissions to Defendant are deemed to be admitted, and to Order Defendant to comply with Plaintiff's Request for Production of Documents and Request for Interrogatories. Plaintiff further moves that the period for Defendant to respond to Plaintiff's Requests for

OFFICE OF THE CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA
PENSACOLA, FLA

2008 OCT -2  PM 12:20

FILED

Interrogatories, and Production of Documents be enlarged for a period sufficient for Defendant to comply therewith.

FACTS

On 11 June, 2008, this Court modified its Final Scheduling Order, and Ordered that all Discovery be concluded by September 30, 2008, in the absence of good reason to enlarge this deadline (Doc # 15).

On 17 July, 2008, Plaintiff sent to Defendant Requests for Admission, Interrogatories, and Production of Documents (Exhibits A, B and C).

On 7 August, 2008, Plaintiff was assaulted in his dormitory at FPC Pensacola, knocked unconscious, and was kicked and stomped, resulting in significant blood loss, a fractured vertebra, and 4 fractured ribs. After

-2-

nearly 2 days in the hospital, Plaintiff was transferred to Jackson County Jail for further rehabilitation and protective custody.

On 28 August, 2008, having received no response from Defendant to his Discovery Requests, Plaintiff wrote to Defendant's attorney, reminding her of the necessity to timely respond to Discovery Requests (Exhibit D).

On 10 September, 2008, Plaintiff was unexpectedly moved to Federal Detention Center Tallahassee where he was placed in the Special Housing Unit (i.e., solitary confinement) — again, presumably, for "protective custody."

Since the date of his injuries (August 7th) Plaintiff has had virtually no meaningful access to his legal documents (which remain in the custody of the BOP) nor to even a minimally-stocked law library.

—3—

## PRAYER FOR RELIEF

Therefore, premises considered, pursuant to FRCP 36(a) which provides that failure to respond to Requests for Admission within 30 days results in the Admissions being deemed admitted; and FRCP 37(a)(2) which allows a court to Order a Defendant to comply with Requests for Interrogatories and Documents, Plaintiff respectfully moves that this Court deem the subject Admissions to be admitted, and Order Defendant to respond to Plaintiff's Request for Interrogatories and Documents within such period of enlargement as this Court determines to be reasonable and in the interests of justice.

Respectfully submitted,

Ward Dean, 06076-017
Plaintiff, Pro Se
Federal Detention Center
501 Capitol Circle NE
Tallahassee, Fla 32301

-4-

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Motion to Compel was sent by first class mail on 28 September, 2008 to:

Katherine Walsh JD
Trial Attorney, Tax Division
US DOJ
PO Box 14198
Ben Franklin Station
Washington, DC 20044

Respectfully submitted,

Ward Dean
Plaintiff, Pro Se

-5-

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

Ward Dean,
Plaintiff

v.                                    Case No.: 3:08-CV-125-RS-MD

United States of America,
Defendant

---

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

Comes Now Ward Dean, Plaintiff in the above-styled action, to propound Plaintiff's First Request for Admissions, pursuant to Federal Rules of Civil Procedure 26 and 36, and Rule 26.2 of the Local Court Rules for the Northern District of Florida.

1. Admit that 26 U.S.C. § 1461 ("Liability for Withheld Tax") holds that "Every person required to deduct and withhold any tax under this chapter [26 U.S.C. §§ 1441 et seq] is hereby made liable for such tax...." [Emphasis added]

2. Admit that 26 U.S.C. §§ 1441 et seq involves "Withholding of tax on nonresident aliens and foreign corporations".

3. Admit that Plaintiff does not fall within the classes of "nonresident aliens" or "foreign corporations."

4. Admit that § 1461 is the only code section in Subtitle A of Title 26 that designates who is liable for any tax imposed therein.



5. Admit that no section of Title 26, Subtitle A, defines the Plaintiff to be a person liable for, or made liable for, or subject to any tax imposed under Subtitle A.

6. Admit that Title 26 § 6065 requires that "[A]ny return, declaration, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall contain or be verified by a written declaration that it is made under the penalties of perjury."

7. Admit that the subject Notices of Federal Tax Liens (NFTLs) and Notice of Levy (NOL) contained no such declaration as required by 26 U.S.C. § 6065.

8. Admit that without the declaration required by 26 U.S.C. § 6065, the subject NFTLs and NOL are procedurally invalid.

9. Admit that Department of Defense Financial Management Regulation (DoDFMR) 281101 states that:

> IRS tax levies are requests for <u>one-time</u> deduction from a member's retired pay to collect back taxes owed. If the amount collected in any particular month is not enough to pay off the member's tax debt, the IRS may issue <u>additional tax levies</u> to cover later months of retired pay income. [Emphasis added]

10. Admit that no "additional tax levies to cover later months of retired pay income" have been submitted to Defense Finance Accounting Service (DFAS) subsequent to the Notice of Levy dated January 8th, 2007.

2

11. Admit that the entity "C. Nichols" is a pseudonym.

12. Admit that the entity "R.A. Mitchell" is a pseudonym.

Respectfully submitted,

*Ward Dean*

Ward Dean
Plaintiff, Pro Se
06076-017
Federal Prison Camp
110 Raby Avenue
Pensacola, Florida   32509-5127

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **First Request for Admissions** was sent by first class mail on __17__ July, 2008 to:

Katherine Walsh
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Ben Franklin Station
Washington, DC   20044

Respectfully submitted,

*Ward Dean*

Ward Dean

3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

Ward Dean,
    Plaintiff

v.                                  Case No.: 3:08-CV-125-RS-MD

United States of America,
    Defendant

---

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Comes Now Ward Dean, Plaintiff in the above-styled action, to propound Plaintiff's First Request for Documents, pursuant to Federal Rules of Civil Procedure 26 and 34, and Rule 26.2 of the Local Court Rules for the Northern District of Florida.

1. Copies of all Forms 23-C (Summary Record of Assessment) pertaining to the Plaintiff for the years involved in the subject Liens and Levy (1996 through 2005).

2. Copies of any Forms 4340 (Certificate of Assessment and Payments) pertaining to the Plaintiff for the years involved in the subject Liens and Levy (1996-2005).

3. Appointment Orders appointing the Assessment Officers who signed the Summary Records of Assessment.



Ex B

4. Copies of Oath of Office (required by 5 U.S.C. § 3331) and Officer Affidavit (required by 5 U.S.C. § 3332), job description, and delegation orders pertaining to the IRS employees who signed the Forms 23-C and Forms 4340 requested above.

5. Copy of "C. Nichols" Oath of Office and Officer Affidavit.

6. Copy of "R.A. Mitchell's" Oath of Office and Officer Affidavit.

7. Copies of any Notices of Deficiency sent to Plaintiff for years 1996-2005.

8. Copies of any documents proving that the Notices of Deficiency referenced in item No. 7 were sent to Plaintiff.

9. Copies of any Notice and Demand for Payment rquired by 26 U.S.C. § 6303 and 26 CFR § 301,6303-1 for years 1996 through 2005.

10. Copies of documents proving that the Notice and Demand for Payment referenced in item No. 9 were sent to Plaintiff.

11. Copies of any Substitutes for Returns prepared pursuant to 26 U.S.C. § 6020(b) for the years 1996-2005.

12. Copies of Forms 4549, Income Tax Examination Changes or equivalent, included as a part of the Substitute for Return (SFR) referenced in item No. 11.

13. Copies of Form 886-A, Explanation of items, appropriate issue lead sheet or similar form, included as a part of the SFRs referenced in item No. 11.

14. Oath of Office, Officer Affidavit, and job description for Revenue Agent Reviewer Michelle Lee (ID Number 65-04750), SBSE Tech Services, who signed the IRC Section 6020(b) Certifications dated 4/17/2007.

15. Job description for "C. Nichols."

16. Job description for "R.A. Mitchell."

17. Copy of IRS Form 9131, Request for Grand Jury Investigation.

18. Copy of supporting Exhibits to IRS Form 9131, referenced in item No. 17.

19. Copy of Form 4135, Criminal Investigation Control Notice pertaining to Plaintiff.

20. Copies of Form 813B, Recapitulation of Document Register (any and all parts) pertaining to Plaintiff for years 1996 through 2005.

3

21. Copies of Form 2859, Request for Quick or Prompt Assessment pertaining to Plaintiff for years 1996 through 2005.

22. Copies of Form 9984, Examining Officer's Activity Record pertaining to Plaintiff for years 1996 through 2005.

23. Copies of Form 8278, Computation and Assessment of Miscellaneous Penalties pertaining to the Plaintiff for years 1996 through 2005.

Respectfully submitted,

Ward Dean
Plaintiff, Pro Se
06076-017
Federal Prison Camp
110 Raby Avenue
Pensacola, Florida  32509-5127

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **First Request for Production of Documents** was sent by first class mail on 17 July, 2008 to:

Katherine Walsh
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Ben Franklin Station
Washington, DC  20044

Respectfully submitted,

Ward Dean

4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

Ward Dean,
    Plaintiff

v.       Case No.: 3:08-CV-125-RS-MD

United States of America,
    Defendant

### PLAINTIFF'S FIRST REQUEST FOR INTERROGATORIES

Comes Now Ward Dean, Plaintiff in the above styled action, to propound Plaintiff's first set of Interrogatories, pursuant to Federal Rules of Civil Procedure 26 and 33, and Rule 26.2 of the Local Court Rules for the Northern District of Florida.

1. State what class of tax is being investigated in the instant case?

2. What taxing and liability statutes, along with implementing reuglations, made Plaintiff a person liable for keeping books and records and filing returns for that statute?

3. What Internal Revenue District, established in compliance with requirements of 26 U.S.C. § 7621 and executive Order # 10289, is the situs of the taxable articles, activities and/or transactions from which the alleged taxable income that is the subject of the instant case derived?



Ex C

4. For calendar years 1996 through 2005, have proper notices and demands for payment been issued to Plaintiff subsequent to execution of assessment certificates in compliance with 26 U.S.C. § 6303 and 26 CFR 301.6303-1?

5. If Defendant denies Admission # 5, identify the code section of Title 26 that makes Plaintiff liable for any tax that has allegedly not been paid.

Respectfully submitted,

Ward Dean
Plaintiff, Pro Se
06076-017
Federal Prison Camp
110 Raby Avenue
Pensacola, Florida   32509-5127

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **First Request for Interrogatories** was sent by first class mail on 17 July, 2008 to:

Katherine Walsh
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Ben Franklin Station
Washington, DC   20044

Respectfully submitted,

Ward Dean

2

28 August, 2008

Katherine Walsh, JD
Trial Attorney, Tax Division
US DOJ
PO Box 14198
Ben Franklin Station
Washington, DC 20044

Dear Ms. Walsh:

I have not yet received a response to my Discovery requests in my Case No.: 3:08-CV-125-RS-MD.

Federal Rules of Civil Procedure (FRCP) 26, et seq, require that responses to Discovery requests be made within 30 days of the request. The 30 day deadline is now well past.

I apologize for not contacting you sooner in this regard, but as you know I have been legally and medically indisposed.

Ex D

Therefore, I respectfully request that you immediately respond to my Discovery requests.

Sincerely,

Ward Dean
Plaintiff, Pro Se
06076-017

Ward Dean
# 70153
Jackson County Correctional Facility
2737 Penn Avenue
Marianna, Florida 32448