UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

Ward Dean,
    Plaintiff,

v.                            Case No.:  3:08-CV-125-RS-MD

United States of America,
    Defendant.

PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS AMENDED COMPLAINT

Plaintiff respectfully moves this honorable Court to Deny Defendant's Motion to Dismiss Amended Complaint.

Defendant alleges in its Motion that this Court is without jurisdiction to adjudicate Plaintiff's Complaint, claiming that the United States has not waived sovereign immunity, and that the Declaratory Judgment Act (28 U.S.C. § 2201) and Anti-Injunction Act (26 U.S.C. § 7421) prohibit the relief requested.

Plaintiff proves in the accompanying Memorandum that Defendant's arguments are without foundation. The government has clearly waived sovereign immunity pursuant to 28 U.S.C. § 2401(a), and this Court clearly has subject matter jurisdiction to rule on Plaintiff's Complaint.

                                      Respectfully submitted,

                                      /s/ Ward Dean
                                      Ward Dean
                                      Plaintiff, Pro Se
                                      06076-017
                                      Federal Prison Camp
                                      P.O. Box 150160
                                      Atlanta, Georgia   30315-0182

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA, FLA.

2008 DEC -1  AM 11: 52

FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

Ward Dean,
    Plaintiff,

v.                          Case No.:  3:08-CV-125-RS-MD

United States of America,
    Defendant.

MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

Plaintiff submits the following Memorandum in support of his Motion in Opposition to Defendant's Motion to Dismiss Amended Complaint.

This Court should <u>not</u> dismiss Plaintiff's Amended Complaint, because the Court clearly has subject matter jurisdiction in this case because the courts have ruled that the United States has waived immunity to suit, and Congress has <u>not</u> prohibited the relief sought under the Declaratory Judgment Act and the Anti-Injuncion Act.

I.   <u>Background</u>

On 29 February, 2008, Plaintiff filed his original Complaint in the Circuit Court, Escambia County, Florida. In the original Complaint, Plaintiff sought Declaratory relief against procedurally invalid Notices of Federal Tax Lien that had been wrongfully filed with the Escambia County Clerk, in violation of state and federal law, and Internal Revenue Service (IRS) regulations and procedures.

On 24 March, 2008, Defendant removed the action from state to federal court, and on 2 May, 2008, Defendant moved to Dismiss Plaintiff's Complaint.

On 10 July, 2008, Plaintiff filed a First Amended Complaint, and on 11 July, 2008, this Court denied Defendant's Motion to Dismiss as Moot.

1

On 1 August, 2008, Defendant filed a Motion and Memorandum of Law to Dismiss Plaintiff's First Amended Complaint.

On 7 August, 2008, Plaintiff was assaulted and severely injured while sleeping in his dormitory at Pensacola Prison Camp. Plaintiff was knocked unconscious, incurred severe lacerations with profuse hemorrhage, 4 fractured ribs, and a fractured vertebra.

Plaintiff was hospitalized for two days at the West Florida Regional Medical Center, then spent five weeks in the Jackson County Jail in Marianna, Florida, one month at the Federal Detention Center in Tallahassee, and three weeks at the Federal Detention Center in Atlanta, before finally arriving at his newly designated facility, Federal Prison Camp, Atlanta, on 29 October, 2008.

This Court, aware of the above untoward circumstances, through no fault of Plaintiff, granted enlargment of time for Plaintiff to file a response to Defendant's Motion to Dismiss Amended Complaint, until 9 December, 2008 (Doc # 31).

II.   ARGUMENT AND AUTHORITIES

   A.   The United States Has Waived Sovereign Immunity

Plaintiff concedes that the United States of America, as sovereign, is immune from suit unless it has consented to be sued. U.S. v. Sherwood, 312 U.S. 584, 586; 85 LEd 1058 (1941).

2

Although Plaintiff did not cite the waiver of sovereign immunity in his Amended Complaint, this should not be construed to imply that no such waiver exists. In fact, the courts have ruled repeatedly that challenges to the <u>procedural</u> <u>validity</u> of tax liens and levies are specific exceptions to the Anti-Injunction and Declaratory Judgment Acts, and that such challenges are clearly within the subject matter jurisdiction of this Court, as discussed in more detail below.

In <u>Yannicelli v. Nash</u>, 354 FS 143, 151 (D NJ, 1972), the Court held that:

> The Third Circuit...adheres to the view that the Government waives its sovereign immunity under § 2410 in...those suits which question the validity of a lien in reference to compliance or non-compliance with statutory and Constitutional requirements of due process. <u>Quinn v. Hook</u>, 231 FS 718 (DC PA, 1964), Aff'd 341 F2d 920 (3d Cir 1965).
>
> In cases where a tax lien is involved, sovereign immunity is waived and subject matter jurisdiction conferred on the Court, provided that the plaintiff refrains from collaterally attacking the merits of the Government's tax assessment itself. <u>Quinn v. Hook</u>, Supra; <u>Falik v. U.S.</u>, 343 F2d 38 (2nd Cir, 1964).

In <u>Aqua Bar and Lounge, Inc., v. U.S.</u>, 539 F2d 935 (3d Cir, 1976), the Court held that:

> Action seeking to have seizure and subsequent sale of property by IRS declared null and void for failure to comply with statutory procedures (without contesting merits of underlying assessment) is not barred by 28 U.S.C. § 2201.

Further, in <u>Rodriguez v. U.S.</u>, 629 FS 333 (ND Ill, 1986), the Court held that:

> District Court has jurisdiction to grant Injunctive and Declaratory relief where action challenges only validity of tax levy and not merits of alleged tax liability.

Plaintiff, in his Amended Complaint, is specifically not challenging any underlying assessment or liability. Plaintiff is, however, specifically challenging the procedural validity of the liens and levy in the instant case.

B. Challenges to the Procedural Validity of Tax Liens and Levies are Not Prohibited by the Anti-Injunction Act or Declaratory Judgment Act.

In support of its argument that injunctive relief is not available to Plaintiff, Defendant erroneously cites Hobson v. Fischbeck, 785 F2d 579, 580-81 (11th Cir, 1985), in which the Hobson Court held that "Federal Courts are expressively proscribed by statute, from entertaining suits to restrain the assessment or collection of any tax except under specific circumstances not applicable here." [Underlined emphasis added]

However, the "specific circumstances"which may not have been applicable in Hobson are certainly applicable in the instant case. In this case, Plaintiff is not seeking to restrain the assessment nor the collection of any lawfully imposed tax in his Amended Complaint. Plaintiff specifically challenged the procedural validity of the alleged liens and levy, and compliance with statutes, regulations and procedures by the Defendant's agencies and agents involved.

In Goodwin v. U.S., 935 F2d 1061, 1065 (9th Cir 1991), the Court held that the IRS must strictly comply with the statutory requirements when seizing a taxpayer's property.

4

The <u>Goodwin</u> Court stated:

> Congress has set forth precise requirements for notice of seizure and sale of property in tax deficiency situations. "When the government seeks to enforce the laws, it must follow the steps which Congress has specified." <u>Reece v. Scoggins</u>, 506 F2d 967, 971 (5th Cir 1975).

Further, "The courts have held that revenue collection proceedings are not immune from judicial interference under IRC § 7421(a) if these proceedings are exercised in excess of the statutory authority granted to the IRS and in violation of Constitutional rights." <u>U.S. v. Bonaguro</u>, 294 FS 750 (ED NY, 1968), Aff'd 428 F2d 204 (2d Cir, 1969), Cert Denied 400 U.S. 829, 27 LEd2d 59 (1970).

In its argument, Defendant attempts to divert this Court's attention from Plaintiff's Amended Complaint involving the procedural invalidity of the subject liens and levy, and failure of the Defendant's agencies to comply with their own regulations and procedures, by raising the completely irrelevant Section 7428 of the Internal Revenue Code, which only addresses declaratory judgments involving organizations under 26 U.S.C. §501(c)(3), which is an issue that pertains in no way to the instant case.

Finally, Defendant claims that "under the Declaratory Judgment Act, suits for declaratory relief in federal tax cases, aside from limited exceptions...are not permissible. <u>See</u>, e.g., <u>Hughes v. U.S.</u>, 953 F2d 531, 536-37 (9th Cir 1992)."

However, several pages following the above cite, the <u>Hughes</u> Court favorably cited the holding of <u>U.S. v. Coson</u>, 286 F2d 453, 456 (9th Cir 1961)

5

that "the taxpayer may only contest the procedural validity of a tax lien," something which Plaintiff repeatedly alleged throughout his Amended Complaint. [Emphasis added]

In Farr v. U.S., 990 F2d 451, 453 (9th Cir 1993), the court held that "Pursuant to 28 U.S.C. §2410(a) there can be jurisdiction over an action... when the IRS has imposed a lien and the taxpayer seeks to contest the procedural validity of that lien." [Emphasis added]

In McCarty v. U.S., 929 F2d 1085 (5th Cir 1991), the Court held that "Taxpayer may rely on waiver in § 2410 as basis for jurisdiction to challenge procedural validity of fedral tax lien."  [Emphasis added]

Finally, closer to "home," the "Eleventh Circuit has held that 28 U.S.C. § 2410 permits taxpayers to challenge only procedural validity of federal tax liens."  Weintraub v. IRS, 2005-1, USCT 50411, 95 AFTR 2d 1957.

6

C. If This Court Lacks Jurisdiction, This Case Must Be Remanded Back To State Court.

If this Court ultimately determines that it has no jurisdiction in this case, Plaintiff argues that this case must be remanded back to the state court where it was originally filed and from which it was removed, as that court clearly had jurisdiction.

"A federal court lacking subject matter jurisdiction over a removed case must remand it to the state court from whence it came." Nichols v. Southeast Health Plan of Ala., 859 FS 553, 559 (SD Ala 1993) (citing 28 U.S.C. § 1447(c), and Charles A. Wright and Arthur Miller, Federal Practice & Procedure § 3739 (1985 & Supp 1993)).

The Supreme Court has confirmed the obligatory nature of § 1447(c) in International Primate Protection League v. Administrators of Tulane Educ Fund, 500 U.S. 72, 87; 111 S.Ct. 1700 (1991) ("Since the district court had no original jurisdiction over this case...a finding that removal was improper deprives that court of subject matter jurisdiction and obliges a remand under the terms of § 1447(c).... We also take note...of the literal words of § 1447(c) which, on their face, give...no discretion to dismiss rather than remand an action." (superceded by statute on other grounds); See also University of Ala. v. American Tobacco Co., 168 F3d 405, 410-411 (11th Cir 1999)(§ 1147(c) "is mandatory," such that a federal court must remand for lack of subject matter jurisdiction.").

7

III. Conclusion

For the reasons stated above, this Court should Deny Defendant's Motion to Dismiss Plaintiff's Amended Complaint.

Alternatively, if Defendant's Motion is favorably considered, insofar as this Court's lacking subject matter jurisdiction, then this Court should additionally remand this case back to the state court from which it had been removed.

Respectfully submitted,

Ward Dean
06076-017
Federal Prison Camp
P.O. Box 150160
Atlanta, Georgia  30315-0182

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Motion and Memorandum of Law In Opposition to Defendant's Motion to Dismiss Amended Complaint was sent on 25 November, 2008, to:

Katherine Walsh
Trial Attorney, Tax Division
US DOJ
P.O. Box 14198
Ben Franklin Station
Washington, DC  20044

Respectfully submitted,

Ward Dean