IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**WARD DEAN**

**vs.**                                                                          **3:08cv125/RS/MD**

**UNITED STATES OF AMERICA**

## REPORT AND RECOMMENDATION

This matter is before the court upon defendant's motion to dismiss plaintiff's amended complaint and supporting memorandum of law. (Doc. 23). Plaintiff has responded in opposition to defendant's motion. (Doc. 32). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).

The defendant moves to dismiss the amended complaint contending that the court lacks subject matter jurisdiction to consider the complaint because (1) the United States has not waived immunity to suit; and (2) Congress has expressly prohibited the relief sought under the Declaratory Judgment Act and the Anti-Injunction Act. Plaintiff asserts that both of defendant's arguments are without merit.

## BACKGROUND and ANALYSIS

This case was originally filed in the Circuit Court of Escambia County, Florida, and removed to this court on March 25, 2008. (Doc. 1). The defendant moved to dismiss (doc. 10), and this motion was denied as moot (doc. 18) when plaintiff filed

his amended complaint.  (Doc. 19).  It is this amended complaint that is the subject of the instant motion.

Plaintiff asserts that his amended complaint (henceforth "complaint") is an action for quiet title and declaratory and injunctive relief against the defendant and its agents who perpetrated wrongful acts and procedurally invalid liens and levy against plaintiff's property. Plaintiff asserts that the court has jurisdiction pursuant to 28 U.S.C. §§ 2410(a)[1] and 1340,[2] 26 U.S.C. §§ 6203,[3] 6303(a),[4] 6321,[5] 6323(f)[6] and 6331[7] and their implementing regulations.

At issue in this case are two notices of federal tax lien, one for $61,981.10 and one for $2,512,258.43.  (Doc. 19, exh. A, D).  Plaintiff contends that the liens are procedurally invalid and that they were not verified or certified pursuant to state law; he brings a claim for wrongful levy; he claims that the signatories on the liens were pseudonyms in violation of Internal Revenue policy; he claims an absence of a court order or warrant of distraint; and he asserts that the IRS has wrongfully sought to collect from defendant's military retirement pay in excess of that allowed by law. Plaintiff seeks a declaration that the Notices of Federal Tax lien are null and void due to alleged procedural deficiencies in their creation, an order directing the Clerk of

---

[1]This section provides that the United states may be named a party in any civil action or suit in any district court to quiet titled to real or personal property on which the United States has or claims a mortgage or other lien.

[2]This section provides that the district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue.

[3]This section describes the method of assessment of the tax.

[4]This section describes the procedure for providing notice and a demand for tax.

[5]This section provides for the imposition of a lien in favor of the United States on the property of an individual who neglects or refuses to pay tax upon demand.

[6]This section provides for the place for filing notice of liens.

[7]This section sets forth procedures for levy and distraint if a person liable to pay any tax neglects or refuses to pay.

*Case No: 3:08cv125/RS/MD*

Court for Escambia County Florida to vacate and cancel the liens, a declaration that the Notice of Levy filed against plaintiff's military retirement is null and void, or in the alternative an order directing the Defense Finance Accounting Service ("DFAS") to treat the Notice of Levy as a one time request, which would require subsequent monthly levies to collect any alleged shortfalls, and order directing the DFAS to return to plaintiff any monthly retirement payments that have been wrongfully conveyed to the IRS and any other relief that may be proper.

Defendant argues that the amended complaint cures some of the defects of the original complaint, but fails to establish the court's subject matter jurisdiction.

First, defendant asserts that the United States has not waived sovereign immunity. It notes that the plaintiff has not cited such a waiver and that the United States has not consented to a suit to discharge a tax lien under the circumstances alleged in the complaint. It further contends that the requested relief is expressly barred.

Absent a waiver, the United States is immune from suit. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (citing *Loeffler v. Frank*, 486 U.S. 549, 554, 108 S.Ct. 1965, 1968, 100 L.Ed.2d 549 (1988); *Federal Housing Administration v. Burr*, 309 U.S. 242, 244, 60 S.Ct. 488, 490, 84 L.Ed. 724 (1940)) *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Sovereign immunity is jurisdictional in nature. Indeed, the "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *Meyer,* 510 U.S. at 475, 114 S.Ct. 996 (citing *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 770, 85 L.Ed. 1058 (1941). See also *United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction")). The wavier must be unequivocal and cannot be implied. *United States v. Nordic Village, Inc.,* 503 U.S. 30, 33, 112 S.Ct. 1011, 1014, 117 L.Ed.2d 181 (1992); *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953-54 (1976) (citing

*United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501,1503, 23 L.Ed.2d 52 (1969); *Soriano v. United States*, 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957)).

Defendant states that the plaintiff has failed to cite to any express waiver of sovereign immunity and that none exists because the United States has not consented to a suit to discharge a tax lien under the circumstances alleged. Plaintiff first contends that 28 U.S.C. § 2401(a) contains a valid waiver of sovereign immunity. Plaintiff's citation to this section is inapposite, as it governs the time for commencing action against the United States. It provides in its entirety:

> (A) Except as provided by the Contract Disputes Act of 1978, every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. The action of any person under legal disability or beyond the seas at the time the claim accrues may be commenced within three years after the disability ceases.

28 U.S.C. § 2401(a). Contrary to plaintiff's assertion, this statute does not provide a general waiver of sovereign immunity. It may be that plaintiff intends to refer to 28 U.S.C. § 2410, which governs actions affecting property on which United States has a lien. This section provides:

> (a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United states, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter–
> (1) to quiet title to,
> (2) to foreclose a mortgage or other lien upon
> (3) to partition,
> (4) to condemn, or
> (5) of interpleader or in the nature of interpleader with respect to,
> real or personal property on which the United States has or claims a mortgage or other lien.

28 U.S.C. § 2410(a). The Eleventh Circuit has expressly held that a taxpayer may challenge the <u>procedural validity</u> of a lien under this section. *Stoecklin v. United States*, 943 F.2d 42, 43 (11th Cir. 1991) (citing *McCarty v. United States*, 929 F.2d 1085, 1087-88 (5th Cir. 1991); *Robinson v. United States*, 920 F.2d 1157, 1161 (3rd Cir.1990);

*Schmidt v. King*, 913 F.2d 837, 839 (10th Cir.1990); *Elias v. Connett*, 908 F.2d 521, 527 (9th Cir.1990); *Pollack v. United States*, 819 F.2d 144, 145 (6th Cir. 1987); *Aqua Bar & Lounge, Inc. v. United States*, 539 F.2d 935, 939-40 (3rd Cir.1976)); *Branca v. United States*, 2008 WL 177785 (11th Cir. 2008).[8] It is equally well established that a taxpayer may not, however, challenge the merits of the underlying assessment under this section. *Stoecklin,* 943 F.2d at 43 (citing *McCarty*, 929 F.2d at 1088; *Robinson*, 920 F.2d at 1161; *Schmidt*, 913 F.2d at 839, *Elias*, 908 F.2d at 528; *Pollack*, 819 F.2d at 145; *Aqua Bar*, 539 F.2d at 939-40).

Plaintiff contends that because his amended complaint challenges the <u>procedural validity</u> of the tax liens, rather than the underlying assessment or liability, his suit therefore is not barred by the Anti-Injunction or Declaratory Judgment Act and the above cited cases. The court concurs with plaintiff's position, noting that the first five counts of plaintiff's complaint make either express or implied reference to the procedural invalidity of the liens against plaintiff's property.[9] Therefore, to the extent the cases cited by the defendant relate to substantive or merits challenges to tax liens, they are inapposite to plaintiff's case, and the defendant's motion should be denied.

Accordingly, it is respectfully RECOMMENDED:

The motion to dismiss for lack of subject matter jurisdiction (doc. 23) be DENIED.

At Pensacola, Florida, this 12th day of December, 2008.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

---

[8]The undersigned cites *Branca v. United States* only as persuasive authority and recognizes that the opinion is not considered binding precedent. *See* 11th Cir. R. 36-2.

[9]Count VI of the complaint alleges that, even if the levy on his retirement pay were valid, the defendant has wrongfully collected a far greater percentage of this pay than the Internal Revenue Code allows. The government has not specifically challenged this count in its motion to dismiss.

*Case No: 3:08cv125/RS/MD*

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636;** *United States v. Roberts***, 858 F.2d 698, 701 (11th Cir. 1988).**