IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| WARD DEAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:08-CV-125-RS-MD |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES OF AMERICA'S OBJECTIONS
TO REPORT AND RECOMMENDATION**

The United States of America, by and through its undersigned attorney, respectfully submits the following objections to the Report and Recommendation of the United States Magistrate Judge upon Defendant's Motion to Dismiss.

**INTRODUCTION**

On March 25, 2008, the United States removed this action from the Circuit Court of Escambia County, Florida.  The United States moved to dismiss the action on May 1, 2008, which was denied as moot upon Plaintiff's filing of an amended complaint.  On August 1, 2008, the United States moved to dismiss Plaintiff's amended complaint. The United States Magistrate Judge Issued a Report and Recommendation on December 12, 2008, which recommended the United States' Motion to Dismiss be denied.

The Report and Recommendation construed Plaintiff's complaint to challenge the procedural validity of subject tax liens.  The United States objects to the Report and Recommendation because Plaintiff has not stated a valid claim for relief under the Court's

interpretation of the Complaint. Further, the Report and Recommendation failed to recommend dismissal of the portions of the Complaint attacking the merits of the underlying assessments, which challenges are prohibited under the Anti-Injunction Act, 26 U.S.C. § 7421, and the tax exception to the Declaratory Judgment Act, 28 U.S.C. § 2201. For the reasons stated below, the Court should reject the Report and Recommendation and dismiss Plaintiff's Complaint.

## ARGUMENT

### I.  Standard of Review

The standard of review of the legal conclusions of a magistrate judge's report and recommendation is *de novo*. 28 U.S.C. § 636(b)(1). "Where a proper, specific objection to the magistrate judge's report is made, it is clear that the district court must conduct a de novo review of that issue." *Macord v. Prem, Inc.,* 208 Fed. Appx. 781, 785 (11th Cir. 2006); *Stokes v. Singletary,* 952 F.2d 1567, 1576 (11th Cir.1992) (quoting *LoConte*, 847 F.2d at 750).

The Anti-Injunction Act expressly precludes the Court from exercising jurisdiction over any action, such as the present case, that seeks to enjoin the collection of taxes. 26 U.S.C. § 7421(a). Further, the Declaratory Judgment Act, 28 U.S.C. § 2201(a), authorizes federal courts to issue declaratory judgments, but expressly prohibits declaratory judgments "with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986. . . ." While 28 U.S.C. § 2410 permits actions challenging the procedural validity of tax liens, the United States contends that Plaintiff has failed to properly state a cause of action challenging the procedural validity of the tax liens at issue. Further, several of the counts of the complaint seek relief beyond the procedural validity of the tax liens and should be dismissed as barred by the Anti-Injunction Act and Declaratory Relief Act.

**II.     The Report and Recommendation Erred in Failing to Recommend Dismissal of the Portions of the Complaint that Substantively Challenge the Underlying Tax Liens**

The Report and Recommendation construed Plaintiff's complaint as seeking relief for procedurally invalid tax liens. In doing so, the Court held that a taxpayer cannot challenge the merits of the underlying assessment. *Stoecklin v. United States*, 943 F.2d 42, 43 (11th Cir. 1991). However, the Report and Recommendation failed to recommend dismissal of the counts in the Complaint that challenge the underlying assessments.

Count I of the Complaint, which purports to challenge the procedural validity of the tax liens, attacks the assessments themselves. Paragraphs 10 through 17 of the Complaint allege that the IRS improperly assessed Plaintiff by violating various assessment statutes including Section 6203 of the Internal Revenue Code, the "Method of Assessment." Plaintiff's allegations challenge the assessments themselves, rather than the procedural validity of the filing of the Notices of Federal Tax Lien. Because the Anti-Injunction Act and Declaratory Relief Act prohibit a challenge to the underlying assessments, Count I of the Complaint should be dismissed for lack of subject matter jurisdiction. Further, the remaining counts of the complaint seek relief beyond procedural validity of the tax liens. As the Report and Recommendation only construed jurisdiction for the purpose of challenging the procedural validity of the tax lien claims, the remaining counts should be dismissed, to the extent they pose other than challenges to the validity of the tax liens, for lack of subject matter jurisdiction.

**III.    The Report and Recommendation Erred in Construing the Complaint as a Valid Challenge to the Procedural Validity of the Tax Liens Because Plaintiff Failed to State a Valid Claim for Such Relief**

The Report and Recommendation concluded that jurisdiction in this matter is based on 28 U.S.C. § 2410(a). The Eleventh Circuit held that the United States has waived sovereign

immunity to a taxpayer's suit challenging the procedural validity of a tax lien. *Stoecklin*, 943 F.2d at 43. In recommending that the United States' Motion to Dismiss be denied, the Court construed Plaintiff's complaint as challenge to the procedural validity of a tax lien. However, Plaintiff has failed to state a claim for such relief.

Rule 12(b)(6) of the Federal Rules of Civil Procedure requires that the Court dismiss a complaint where plaintiff cannot prove any set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Court must view the facts in the light most favorable to the plaintiff and accept all of the well-pleaded facts as true. *St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.* 795 F.2d 948, 954 (11th Cir. 1986). Here, Plaintiff failed to allege any facts that support a challenge to the procedural validity of the United States' tax liens.

A.  Plaintiff's Citations to Various Statues Fail to State a Cause of Action for Challenging the Procedural Validity of the Tax Liens

Count II of the Complaint appears to challenge the procedural validity of the Notices of Federal Tax Lien because they do not contain a written declaration that the liens were made under the penalty of perjury. In support of such a contention, Plaintiff cites 26 U.S.C. § 6065, "verification of returns." Section 6065 pertains to the taxpayer's duty to sign returns under the penalty of perjury and does not confer any obligations upon the IRS, certainly not with respect to Notices of Federal Tax Lien. Consequently, Section 6065 of the Internal Revenue Code does not create a cause of action for the Plaintiff to challenge the procedural validity of the tax liens.

Count II further attempts to challenge the procedural validity of the tax liens for failing to comply with Florida Statute 713.901, the "Florida Uniform Federal Lien Registration Act." "Plaintiff cannot seek the cancellation of a federal tax lien or challenge the validity of a federal tax lien on the basis of state law." *Morse v. United States*, No. 07-249, 2007 WL 4287535, *5

(M.D. Fla. Dec. 4, 2007) (holding a similar claim under Section 713.901 barred by Anti-Injunction Act). *See Korman v. IRS*, No. 06-81294, 2007 WL 1206742, at * 3 (S.D. Fla. Feb.20, 2007) (holding that plantiff could not challenge the validity of a federal tax lien on state law grounds); *see also United States v. Brosnan*, 363 U.S. 237, 240 (1960) (noting that federal tax liens are creatures of federal statute and, thus, federal questions). Thus, Plaintiff's citation to Florida Statute 713.901 does not state a valid cause of action for challenging the procedural validity of the tax lien claims.

Count III of the Complaint alleges a wrongful levy as a result of the purportedly procedurally invalid tax liens. Levies are not subject to challenge under 28 U.S.C. § 2410. By its terms, 28 U.S.C. § 2410 only permits actions concerning property in which the United States has a lien. It does not authorize challenges to a wrongful levy. The only statutory waiver to the challenge of a levy is 26 U.S.C. § 7426 which expressly bars actions by the taxpayer.[1]  *See* 26 U.S.C. 7426(a).   Similarly, Count VI of the Complaint alleges a wrongful levy under 26 U.S.C. § 6331, which is also not a valid challenge to the procedural validity of the tax liens.

Count V of the Complaint cites to 26 U.S.C. §§ 3690-3397, which do not exist in the current tax code. Plaintiff has not stated a valid cause of action for any type of relief, much less for challenging the procedural validity of the tax liens.

---

[1] The Department of Defense Financial Management Regulations, cited by hte Plaintiff, also do not confer a cause of action.

B.  Compliance with the Internal Revenue Manual Does Not Determine Procedural Validity of the Tax Lien

Count IV of the Complaint seems to challenge the procedural validity of the Notices of Federal Tax Lien because the tax liens were allegedly not filed in compliance with the Internal Revenue Manual. An agency's violation of internal agency procedures does not confer procedural or substantive rights on the individual who suffered as a result of that violation. *United States v. Carceres*, 440 U.S. 741, 752-53 (1979); *Miller v. United States*, 117 F.2d 1414, *2 (4th Cir. 1997); *United States v. McKee*, 192 F.3d 535, 540 (6th Cir. 1999). Consequently, the question of whether the Internal Revenue Service filed the Notices of Federal Lien in compliance with the provisions of the Internal Revenue Manual is not a valid cause of action.

## CONCLUSION

The Report and Recommendation of the United States Magistrate Judge conferred subject matter jurisdiction based on the Court's construction of Plaintiff's complaint as challenging the procedural validity of the Notices of Federal Tax Liens. However, Plaintiff failed to state a valid cause of action under the Court's interpretation of the Complaint. Further, the Court failed to dismiss the portions of the Complaint that attack the underlying assessments of the tax liens for lack of subject matter jurisdiction. Accordingly, because the Report and Recommendation construed subject matter jurisdiction where Plaintiff failed to state a claim for relief and failed to

dismiss the portions of the complaint that lack subject matter jurisdiction, the Report and Recommendation should be rejected, and this Court should grant the United States of America's Motion to Dismiss.

Dated: December 29, 2008                                Respectfully Submitted,
                                                        THOMAS F. KIRWIN
                                                        United States Attorney

                                                         /s/ Katherine Walsh
                                                        Katherine Walsh
                                                        Trial Attorney, Tax Division
                                                        United States Department of Justice
                                                        Post Office Box 14198
                                                        Ben Franklin Station
                                                        Washington, DC 20044
                                                        Telephone (202) 353-7205
                                                        Katherine.Walsh@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing UNITED STATES OF AMERICA'S OBJECTIONS TO REPORT AND RECOMMENDATION  was filed electronically on CM/ECF and by depositing a copy in the United States mail, postage prepaid on December 29, 2008, to the following:

WARD DEAN
06076-017
Federal Prison Camp
P.O. Box 150160
Atlanta, FA 30315

                                              /s/ Katherine Walsh
                                              Katherine Walsh
                                              Trial Attorney, Tax Division
                                              U.S. Department of Justice