IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| WARD DEAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:08-CV-125-RS-MD |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MOTION IN OPPOSITION TO
UNITED STATES OF AMERICA'S OBJECTIONS
TO REPORT AND RECOMMENDATION**

Plaintiff Ward Dean submits the following Motion in Opposition to the government's objections to the Report and Recommendation of the Magistrate Judge with regard to Defendant's Motion to Dismiss.

**INTRODUCTION**

In its Introduction, Defendant complains that the Report and Recommendation "failed to recommend dismissal of the portions of the Complaint attacking the merits of the underlying assessments."

Perhaps a major reason that there was no recommendation for such dismissal is because Plaintiff in no way attacked the merits of the underlying assessments. As will be clear below, Plaintiff's Complaint focused specifically and exclusively on various aspects of the procedural invalidity of the subject liens and levy.

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA, FLA.

2009 JAN 12 AM 12:01

Kc

FILED

**ARGUMENT**

I.  **Standard of Review**

Defendant contends that "Plaintiff has failed to properly state a cause of action challenging the procedural validity of the tax liens at issue," and that "several of the counts of the complaint seek relief beyond the procedural validity of the tax liens and should be dismissed as barred by the Anti-Injunction Act and Declaratory Relief Act."

As will be shown below, Defendant is off the mark in its misinterpretation of Plaintiff's Complaint, fails to appreciate the essential elements underlying the procedural validity of tax liens, and does not appear to understand the requirement for government agencies and their agents to comply with the law.

II. **The Report and Recommendation Did Not Err in Not Recommending Dismissal of the Portions of the Complaint that Challenge the Procedural Validity of the Subject Tax Liens**

The government curiously cites the 11th Circuit's 1991 decision in Stoecklin v. U.S., 943 F2d 42, 43, in support of its argument that "A taxpayer cannot challenge the merits of the underlying assessment" (with which Plaintiff does not disagree, and is not so doing).

However, the government slyly attempted to turn Stoecklin on its head by overlooking the chief holding in that case, that the "taxpayer's lawsuit challenging the procedural validity of the federal tax liens falls under the waiver of sovereign immunity outlined in § 2410."

The government goes on to allege (without specificity) that "Plaintiff's allegations [in Count One of the Amended Complaint] challenge the assessments themselves, rather than the procedural validity of the filing of the Notices of Federal Tax Lien" (as if the procedurally invalid filing of the liens were the only issue in question that rendered the liens procedurally invalid) [Emphasis added].

2

Courts are clear that <u>filing procedures</u> alone do not solely determine the lien's "procedural invalidity." Courts have ruled that for a lien to be "procedurally invlaid," failure to comply with <u>any</u> of the multitude of statutorily mandated procedural requirements underlying the lawful imposition of a lien render such lien to be procedurally invalid.

> Lack of proper notice or demand was fatal to the acquisition of the government's lien.... The assessment was insufficient [due to] failure to comply with the statutory requirements.
> <u>U.S. v. Coson</u>, 286 F2d 453, 464 (9th Cir 1961)

> To the extent [Plaintiff is] challenging the procedural lapses of the assessment under § 6203, § 2410 does serve as a waiver of sovereign immunity.
> <u>Arford v. U.S.</u>, 934 F2d 229, 232 (9th Cir 1991)

> Taxpayer's claim that Internal Revenue Service failed to properly assess tax and to provide taxpayer with copy of assessment, and failed to send notice of assessment and demand for payment under statute, presented procedural challenges to validity of tax lien, and therefore, were cognizable under quiet title statute. §§ 6203, 6203(a); 28 U.S.C. § 2410.
> <u>Huff v. U.S.</u>, 10 F3d 1440, 1441 (9th Cir 1993)

Accordingly, a review of the allegations in Plaintiff's verified Complaint confirm that Plaintiff has properly challenged the procedural validity of the subject liens against his property, and the government's request that the remaining counts be dismissed is wholly without foundation.

3

III. **The Report and Recommendation Correctly Construed the Complaint as a Valid Challenge to the Procedural Validity of the Tax Liens Based on Plaintiff's Enumeration of Facts Verifying the Failure of the Government to Comply With the Law**

A. Plaintiff's Citations to Various Statutes Corectly State a Cause of Action for Challenging the Procedural Validity of the Tax Liens and Levy

26 U.S.C. § 6065 requires that "[A]ny return, declaration, statement or <u>other document</u> required to be made under <u>any provision</u> of the internal revenue laws or regulations <u>shall</u> contain or be verified by a <u>written declaration</u> that it is made under the penalties of perjury." [Emphasis added]

Defendant implies that IRS agents are somehow <u>exempt</u> from complying with this law, by claiming that "Section 6065 pertains to the taxpayer's duty to sign returns under the penalty of perjury and does not confer any obligations upon the IRS."

Clearly, nothing in the plain language of § 6065 exempts IRS employees from complying with the clear mandate of the statute. Further, the courts have repeatedly ruled that the tax laws and regulations apply to IRS agents as well as the rest of us.

> The Treasury Regulations are binding on the Government as well as on the taxpayer: Tax officials and taxpayers alike are under the law, not above it.
>    <u>Brafman v. U.S.</u>, 384 F2d 863, 866 (5th Cir 1967)
>
> When the government seeks to enforce the laws, it must follow the steps which Congress has specified.
>    <u>Reece v. Scoggins</u>, 506 F2d 967, 971 (5th Cir 1975)
>
> Treasury regulations are as binding upon tax officials as they are upon taxpayers, and tax officials are required to abide by regulations reasonably based on the statute. <u>Mutual Savings Life Insurance Co. v. U.S.</u>, 488 F2d 1142, 1145 (5th Cir 1974)
>    <u>Lansons's Inc. v. CIR</u>, 622 F2d 774, 776 (5th Cir 1980)

4

> Congress has created an elaborate system for the collection and dispute of tax matters. Adherence to these procedures is required by both citizens and IRS alike.
> Robinson v. U.S., 920 F2d 1157, 1161 (3d Cir 1990)

> The IRS must comply with the regulations governing the assessment process.
> March v. IRS, 335 F3d 1186, 1188 (10th Cir 2003)

Next, the government attempts to deny the requirement for the IRS and the Escambia County Clerk of the Court to comply with the <u>Florida Uniform Federal Lien Registration Act</u> (FUFLRA) (Florida Statute § 713.901). FS 713.901(4) requires federal notices of lien to be certified by the Secretary of the Treasury of the United States, or other federal official with lawful delegated authority to certify a federal notice of lien as being true and correct, which entitles the certified instrument to be filed under the FUFLRA.

The requirement for certification at FS § 713.901(4) serves as a reasonable and prudent check implemented by the Florida legislature to protect the interests of Florida citizens, and to prevent forseeable harm in the form of false claims and clouds on citizen's property caused by unscrupulous federal employees.

In support of its argument disputing the applicability of FS 713.901(4), the government first cites the holding of an <u>unpublished</u> case (Morse v. U.S., No. 07-249, 2007 WL 4287535, *5 [MD Fla Dec 4, 2007]).

Plaintiff agrees with Defendant that Federal Tax Liens are creatures of federal statute and thus, federal questions (<u>U.S. v. Brosnan</u>, 363 U.S. 237, 240 [1960]).

5

However, Plaintiff believes that the <u>controlling</u> federal law, in this regard, is 26 U.S.C. § 6323(f), which states, in pertinent part:

> § 6323. **Validity and priority against certain persons.**
> (f) **Place for filing notice; form.** (1) **Place for filing.** The notice referred to in subsection (a) shall be filed--
> (A) <u>Under state laws</u>.
> (i) Real property. In the case of real property, in one office within the State...<u>as designated by the laws of such state</u>, in which the property subject to the lien is situated.

[Underlined emphasis added]

To be filed <u>under state law</u>, we have come "full circle," and it is clear (pursuant to 26 U.S.C. § 6323[f]) that the notice of lien must be filed pursuant to FS 713.901(4).

Defendant next disputes Counts III and VI of Plaintiff's Amended Complaint, which address the illegal actions of both the IRS and Defense Finance Accounting Service (DFAS) in wrongfully expropriating Plaintiff's military retirement pay. These actions are in violation of both internal revenue statutes and regulations, as well as Department of Defense Financial Management Regulations (DoD FMRs).

Defendant is correct in arguing that normally, "The only statutory waiver to the challenge of a levy is 26 U.S.C. § 7426."

However, a levy must be based on a valid lien. In the instant case, the liens on which the levy is presumably based are <u>procedurally invalid</u>. Thus, any ensuing levy must <u>likewise</u> be deemed to be invalid.

In addressing Count V, Defendant correctly states that "§§ 3690-3697 do not exist in the current tax code." These sections <u>did</u>, however, exist in the 1939 Internal Revenue Code. Specifically, §§ 3690 and 3692 of the

1939 IRC required that liens and levies be supported by court orders or warrants of distraint (Ex A).

Paragraph # 41 of the Amended Complaint cited U.S. Code Congressional and Administrative News, Volume 3, 1954, which stated:

**Section 6331. Levy and distraint**

This section continues in effect the provisions of existing law relating to distraint and levy (see secs. 3690 and 3692 of the present Internal Revenue Code).

Since the Notices of Federal Tax Lien and Notice of Levy in the instant case are completely unsupported by any court order or warrants of distraint, Plaintiff avers that the NFTLs and NOL are procedurally invalid.

B. Lack of Compliance with the Internal Revenue Manual Alone Does Not Determine Procedural Invalidity of the Tax Liens

In Count Four of the Amended Complaint, Plaintiff alleged that the Notices of Federal Tax Lien and the Notice of Levy were purported to be prepared and authorized by revenue officers, using what are believed to be pseudonyms. Use of ficticious names is a violation of 18 U.S.C § 1001(a)(3), Florida Statute 843.0855 (Criminal actions under color of law or through use of simulated legal process), as well as provisions of the Internal Revenue Manual.

Defendant ignores the agents' alleged violations of 18 U.S.C. § 1001 and FS § 843.0855, and cites only cases that hold that "An agency's violation of internal agency procedures does not confer procedural or substantive rights on the individual who suffered as a result of that violation."

7

Although some courts may agree that failure to comply with the <u>Internal Revenue Manual</u> may not, in itself, provide a valid cause of action, the United States Supreme Court has ruled that:

> Where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures. This is so even where the internal procedures are possibly more rigorous than otherwise would be required.
> <u>Service v. Dulles</u>, 354 U.S. 363, 388 (1957)

Furthermore, Plaintiff presumes that Defendant's failure to address the use of pseudonyms on official documents filed with the court (Escambia County Clerk) and another governmental agency (DFAS) is a concession that the remaining facts as alleged in Count IV are true.

> 18 U.S.C. § 1001 includes reports of Internal Revenue agents who "knowingly and willfully" falsify them and is consistent with § 7214(a)(7) of Title 26, concerning agents who make a "fraudulent" entry.
> <u>U.S. v. Eisenmann</u>, 396 F2d 565 (2d Cir 1968)

## CONCLUSION

The Report and Recommendation correctly conferred subject matter jurisdiction upon this Court due to Plaintiff's challenge of the procedural validity of the Notices of Federal Tax Liens, and properly stated a cause of action and claim for relief. Furthermore, no portions of the Complaint attacked the underlying assessments of the tax liens, as alleged by Defendant. Accordingly, this case should proceed based on Plaintiff's Amended Complaint, and the Report and Recommendation.

Respectfully submitted,

*[signature]*
Ward Dean
Plaintiff, Pro Se
06076-017
Federal Prison Camp
P.O. Box 150160
Atlanta, Georgia   30315-0182

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing **Plaintiff's Motion in Opposition** was sent by first class mail on  8  January, 2009, to:

    Katherine Walsh, J.D.
    Trial Attorney, Tax Division
    U.S. Department of Justice
    P.O. Box 14198
    Ben Franklin Station
    Washington, DC  20044

                                      Respectfully submitted,

                                      Ward Dean
                                      Plaintiff, Pro Se
                                      06076-017
                                      Federal Prison Camp
                                      P.O. Box 150160
                                      Atlanta, Georgia  3-315-0182

COLLECTION 451

such written request, such person or purchaser may, after giving notice to the Commissioner, file a petition in the district court of the United States for the district in which the real estate is located, praying leave to file a civil action for a final determination of all claims to or liens upon the real estate in question.

(3) COURT ORDER.—After a full hearing in open court, the district court may in its discretion enter an order granting leave to file such civil action, in which the United States and all persons having liens upon or claiming any interest in the real estate shall be made parties.

(b) SERVICE ON UNITED STATES.—Service on the United States shall be had in the manner provided by sections 5 and 6 of the Act of March 3, 1887, entitled "An Act to provide for the bringing of suits against the Government of the United States", c. 359, 24 Stat. 506 (U. S. C., Title 28, §§ 762, 763), as amended.

(c) ADJUDICATION.—Upon the filing of such civil action the district court shall proceed to adjudicate the matters involved therein, in the same manner as in the case of civil actions filed under section 3678. For the purpose of such adjudication, the assessment of the tax upon which the lien of the United States is based shall be conclusively presumed to be valid.

(d) COSTS.—All costs of the proceedings on the petition and the civil action shall be borne by the person filing the civil action.

**SEC. 3680. CROSS REFERENCES.**

For lien in case of —
  Estate tax, see section 827.
  Tax on distilled spirits, see section 2800 (e).
  For provisions permitting the United States to be made party defendant in a proceeding in a State court for the foreclosure of a lien upon real estate where the United States may have a claim upon the premises involved, see Act of March 4, 1931, c. 515, 46 Stat. 1528 (U. S. C., Title 28, §§ 901-906).

SUBCHAPTER C—DISTRAINT

PART I—DISTRAINT ON PERSONAL PROPERTY

**SEC. 3690. AUTHORITY TO DISTRAIN.**

If any person liable to pay any taxes neglects or refuses to pay the same within ten days after notice and demand, it shall be lawful for the collector or his deputy to collect the said taxes, with such interest and other additional amounts as are required by law, by distraint and sale, in the manner provided in this subchapter, of the goods, chattels, or effects, including stocks, securities, bank accounts, and evidences of debt, of the person delinquent as aforesaid.

**SEC. 3691. PROPERTY EXEMPT FROM DISTRAINT.**

(a) ENUMERATION.—There shall be exempt from distraint and sale, if belonging to the head of a family —

(1) SCHOOL BOOKS AND WEARING APPAREL.—The school books and wearing apparel necessary for such family; also

(2) ARMS.—Arms for personal use;

(3) LIVESTOCK.—One cow, 2 hogs, 5 sheep and the wool thereof, provided the aggregate market value of said sheep shall not exceed $50;

(4) FODDER.—The necessary food for such cow, hogs, and sheep, for a period not exceeding thirty days;

(5) FUEL.—Fuel to an amount not greater in value than $25;

(6) PROVISIONS.—Provisions to an amount not greater than $50;

(7) HOUSEHOLD FURNITURE.—Household furniture kept for use to an amount not greater than $300; and

(8) BOOKS AND TOOLS OF TRADE OR PROFESSION.—The books, tools, or implements, of a trade or profession, to an amount not greater than $100.

Ex A-1

452 CODIFICATION OF INTERNAL REVENUE LAWS

1939 code

(b) APPRAISAL.—The officer making the distraint shall summon three disinterested householders of the vicinity, who shall appraise and set apart to the owner the amount of property herein declared to be exempt.

SEC. 3692. LEVY.

In case of neglect or refusal under section 3690, the collector may levy, or by warrant may authorize a deputy collector to levy, upon all property and rights to property, except such as are exempt by the preceding section, belonging to such person, or on which the lien provided in section 3670 exists, for the payment of the sum due, with interest and penalty for nonpayment, and also of such further sum as shall be sufficient for the fees, costs, and expenses of such levy.

SEC. 3693. PROCEEDINGS ON DISTRAINT.

When distraint is made, as provided in section 3690—

(a) ACCOUNT AND NOTICE TO OWNER.—The officer charged with the collection shall make or cause to be made an account of the goods or effects distrained, a copy of which, signed by the officer making such distraint, shall be left with the owner or possessor of such goods or effects, or at his dwelling or usual place of business, with some person of suitable age and discretion, if any such can be found, with a note of the sum demanded and the time and place of sale; and

(b) PUBLIC NOTICE.—Forthwith cause a notification to be published in some newspaper within the county wherein said distraint is made, if a newspaper is published in said county, or to be publicly posted at the post office, if there be one within five miles nearest to the residence of the person whose property shall be distrained, and in not less than two other public places. Such notice shall specify the articles distrained, and the time and place for the sale thereof.

(c) TIME AND PLACE OF SALE.—The time of sale shall not be less than ten nor more than twenty days from the date of such notification to the owner or possessor of the property and the publication or posting of such notice as provided in subsection (b) and the place proposed for the sale shall not be more than five miles distant from the place of making such distraint.

(d) ADJOURNMENT OF SALE.—Said sale may be adjourned from time to time by said officer, if he deems it advisable, but not for a time to exceed in all thirty days.

SEC. 3694. PRIORITY OF SPECIFIC TAX LIABILITY ON DISTRAINED PROPERTY.

When property subject to tax, but upon which the tax has not been paid, is seized upon distraint and sold, the amount of such tax shall, after deducting the expenses of such sale, be first appropriated out of the proceeds thereof to the payment of the tax. And if no assessment of such tax has been made upon such property, the collector shall make a return thereof in the form required by law, and the Commissioner shall assess the tax thereon.

SEC. 3695. PROPERTY FOR ACCOUNT OF THE UNITED STATES.

(a) PURCHASE.—When any personal property is advertised for sale under distraint as aforesaid, the officer making the seizure shall proceed to sell such property at a public auction, offering the same at a minimum price, including the expenses of making the levy and of advertising the sale, and if the amount bid for such property at the sale is not equal to the minimum price so fixed, the officer conducting the sale may declare the same to be purchased by him for the United States.

(b) SALE.—The property so purchased may be sold by the collector within whose district the sale was made under such regulations as may be prescribed by the Commissioner, with the approval of the Secretary.

Ex A-2