# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| WARD DEAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:08-CV-125-RS-MD |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES OF AMERICA'S**
**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

The United States of America, by and through its undersigned attorney, submits the following answer to Plaintiff's first amended complaint:

FIRST DEFENSE

To the extent Plaintiff's complaint seeks any relief beyond that challenging the procedural validity of the Notices of Federal Tax Liens at issue under 26 U.S.C. § 2410, the Court lacks subject matter jurisdiction to consider this relief.

SECOND DEFENSE

Plaintiff's challenge to the procedural validity of the tax liens at issue fails to state a claim upon with relief can be granted.

THIRD DEFENSE

To the extent that Plaintiff's complaint seeks relief for wrongful levy, Plaintiff lacks standing to bring a claim under 26 U.S.C. 7426(a).

FOURTH DEFENSE

In further response to the numbered paragraphs of the first amended complaint, the

United States answers and responds as follows.  To the extent that any allegation in the first amended complaint is not explicitly admitted, it is denied.

1.	Denies that Defendant and its agents perpetrated any wrongful acts or filed any procedurally invalid liens or levies against Plaintiff's property.  The United States further denies that Plaintiff is entitled to the declaratory or injunctive relief sought.  The remainder of paragraph 1 is a characterization of the complaint to which no response is required.

2.	Paragraph 2 is a statement of jurisdiction and requires no response.  To the extent that paragraph 2 requires a response, the United States denies that the Court has jurisdiction to grant the relief Plaintiff seeks except as that previously determined by the Court in denying Defendant's motion to dismiss.

3.	Admits.

4.	Admits that Plaintiff was incarcerated in Pensacola, Florida at the time of filing the first amended complaint.  Further states that, on information and belief, Plaintiff is currently incarcerated in Atlanta, Georgia.  The United States lacks knowledge or information sufficient to admit or deny all other allegations in paragraph 4.

5.	Denies.

6.	Admits, except denies that the agent who filed the Notice of Federal Tax Lien was not authorized to do so.

7.	Admits, except denies that Revenue Officer Nicols was not authorized to serve a notice of levy.

8.	The United States lacks knowledge or information sufficient to form a belief as to the accuracy of paragraph 8 and, consequently, denies.

9. Admits, except denies that the agent who filed the Notice of Federal Tax Lien was not authorized to do so.

## COUNT I

10. Paragraph 10 is a conclusion of law to which no response is required.

11. Paragraph 11 is a conclusion of law to which no response is required.

12. Paragraph 12 is a conclusion of law to which no response is required.

13. Paragraph 13 is a conclusion of law to which no response is required.

14. The United States lacks knowledge or information sufficient to form a belief as to the accuracy of paragraph 14 and, consequently, denies.

15. The United States lacks knowledge or information sufficient to form a belief as to the accuracy of paragraph 15 and, consequently, denies.

16. Denies.

17. Denies.

## COUNT II

18. Paragraph 18 is a conclusion of law to which no response is required.

19. Paragraph 19 is a conclusion of law to which no response is required.

20. Paragraph 20 is a conclusion of law to which no response is required.

21. Denies.

22. Admits that Plaintiff alleges that without the required written declaration or certification that the NFTL and NOL had been made under penalty of perjury they are procedurally invalid, but otherwise denies the allegations in paragraph 22.

## COUNT III

23. Denies that the Notice of Levy is procedurally invalid. The United States lacks knowledge or information to form a belief as to all other allegations in paragraph 23 and, consequently, denies.

24. The United States lacks knowledge or information to form a belief as to paragraph 24 and, consequently, denies.

25. The United States lacks the knowledge sufficient to admit or deny the allegations in paragraph 25 and, consequently, denies.

26. Admits that Plaintiff alleges that no Levy or Notice of Levy has been issued by IRS to DFAS subsequent to that of January 8, 2007. The United States lacks information of belief as to whether no Levy or Notice of Levy has been issued by the IRS to DFAS subsequent to January 8, 2007 and, consequently, denies.

27. Paragraph 27 is a conclusion of law to which no response is required.

## COUNT IV

28. Admits.

29. Admits that Exhibit B was authorized and signed by Revenue Officer C. Nicols. The United States lacks knowledge or information to form a belief as to the remainder of the allegations in paragraph 29 and, consequently, denies.

30. The United States lacks knowledge or information to form a belief as to the matters alleged in paragraph 30 and, consequently, denies.

31. The United States lacks knowledge or information to form a belief as to the matters alleged in paragraph 31 and, consequently, denies.

32. Admits.

33. Admits.

34. Paragraph 34 is a conclusion of law to which no response is required. By way of further response, the Internal Revenue Manual is publically available and speaks for itself.

35. The United States lacks knowledge or information to form a belief as to the matters alleged in paragraph 35 and, consequently, denies.

36. The United States lacks knowledge or information to form a belief as to the matters alleged in paragraph 36 and, consequently, denies.

37. Denies.

38. Denies.

39. Denies.

## COUNT V

40. Paragraph 40 is a conclusion of law to which no response is required.

41. Paragraph 41 is a conclusion of law to which no response is required.

42. Denies.

43. Denies.

44. Denies.

45. Paragraph 45 is a conclusion of law to which no response is required.

46. Denies.

WHEREFORE, having answered the United States requests that the Court should enter judgment in favor of the United States, dismiss Plaintiff's amended complaint with prejudice and grant such relief as is just and appropriate.

Dated: March 19, 2009						Respectfully Submitted,


							THOMAS F. KIRWIN
							United States Attorney

							 /s/ Katherine Walsh
							Katherine Walsh
							Trial Attorney, Tax Division
							United States Department of Justice
							Post Office Box 14198
							Ben Franklin Station
							Washington, DC 20044
							Telephone (202) 353-7205
							Katherine.Walsh@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing ANSWER was filed electronically on CM/ECF and by depositing a copy in the United States mail, postage prepaid on March 19, 2009, to the following:

WARD DEAN
06076-017
FEDERAL PRISON CAMP
PO BOX 150160
ATLANTA, GA 30315-0182


 /s/ Katherine Walsh
Katherine Walsh
Trial Attorney, Tax Division
U.S. Department of Justice