IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| WARD DEAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:08-CV-125-RS-MD |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## **UNITED STATES OF AMERICA'S TRIAL BRIEF**

The United States of America, by and through its undersigned attorney, submits the following trial brief outlining the contested issues of law, pursuant to the Court's scheduling order.

## **PROCEDURAL HISTORY**

Plaintiff brought suit in this matter in Circuit Court in the 1st Judicial Circuit in and for Escambia County, Florida. The United States removed this proceeding to this Court on March 25, 2008, and moved to dismiss the action on May 1, 2008. [DE # 1, 10.] Upon Plaintiff's filing of an amended complaint, the Court denied the United States' motion to dismiss as moot. [DE # 20.] On March 23, the United States again moved to dismiss Plaintiff's amended complaint for lack of subject matter jurisdiction. [DE # 23.] The Magistrate Judge recommended that the United States' motion to dismiss be denied and construed Plaintiff's complaint as a challenge to the procedural validity of the tax liens, rather than the underlying assessment or liability. [DE # 34.] Over the objections of the United States to the Magistrates Judge's Report and Recommendation, the Court denied the United States' motion to dismiss. [DE # 40, 43.]

The United States moved for summary judgment on the grounds that: (1) the Notices of Federal Tax Liens at issue are procedurally valid; (2) Plaintiff cannot challenge the assessments underlying the Notices of Federal Tax Lien; (3) and Plaintiff cannot challenge the validity of the levies on his property in this action, nor can he seek monetary relief.  The Court has not yet ruled on the motion for summary judgment and trial is scheduled to being on July 16, 2009.

## BACKGROUND

Plaintiff brought suit challenging the validity of several Notices of Federal Tax Lien for the tax years 1996 through 2005, attached as Exhibits A and D to the amended complaint.  The IRS filed the Notices of Federal Tax Lien after proper notice and demand for payment were made based on the assessments described below.  Thereafter the IRS began levying Plaintiff's retirement account in April 2007, and this lawsuit followed in March 2008.

For the tax year 1996, Plaintiff failed to file a tax return, the IRS prepared a substitute for return, and assessed taxes and penalties accordingly.  For the tax years 1997 through 2002, Plaintiff was found guilty after a trial by jury, on December 7, 2005, of willfully attempting to evade or defeat a tax in violations of 26 U.S.C. § 7201 by submitting fraudulent tax returns. *United States v. Ward Dean*, No. 3:05-cr-00025-LC-EMT-1 (N.D. Fla.), Indictment [DE # 1]; Jury Verdict [DE # 134]; and Judgment [DE # 200].  For the tax years 2003, 2004 and 2005, Plaintiff failed to timely file returns and substitutes for return were prepared by the Internal Revenue Service.  For the years 1997 through 2005, the IRS conducted an exam and assessed additional tax as a result of the exam on September 3, 2007.

As described in more detail below, after the taxes were assessed against Plaintiff, the IRS made proper notice and demand for payment of Plaintiff's unpaid federal income tax liabilities.

With the authorization of the Secretary, the IRS filed Notices of Federal Tax Lien, issued notices of intent to levy and levied Plaintiff's retirement account. Plaintiff has brought suit under a statute, 28 U.S.C. § 2410, which authorizes only challenges to the procedural validity of the Notices of Federal Tax Lien.

## ARGUMENT AND AUTHORITIES

**I.     Burden of Proof**

In an action seeking to quiet title, generally the burden of proof rests with the plaintiff. *Coplin v. United States*, 952 F.2d 403, *3 (6th Cir. 1991); *Alexander Hamilton Life Ins. Co. v. Gov't of Virgin Islands,* 757 F.2d 534, 541 (3d Cir. 1985). Courts presume that the acts of government officials are regularly administered, and taxpayers must overcome this presumption by showing the IRS failed to follow a mandated procedure. Only after the taxpayer overcomes this presumption the burden shifts to the government to show that the collection procedures were properly followed. *Coplin,* 952 F.2d at *3; *Parkinson v. Commissioner*, 647 F.2d 875, 876 (9th Cir. 1981).

**II.    The Notices of Federal Tax Lien at Issue Are Procedurally Valid**

The United States of America, as a sovereign, is immune from suit unless it has consented to be sued. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). In ruling on the United States' motion to dismiss for lack of subject matter jurisdiction, the Court construed Plaintiff's amended complaint as an exception to sovereign immunity, under 28 U.S.C. § 2410, challenging the procedural validity of the Notices of Federal Tax Lien. *Stoecklin v. United States*, 943 F.2d 42, 43 (11th Cir. 1991). Plaintiff contends the Notices of Federal Tax Lien at issue are procedurally invalid because, he contends: (1) he did not receive the Notice and

Demand for Payment for the years at issue; (2) the Notices of Federal Tax Lien lack proper certification; (3) the signing of the Notices by IRS employees using pseudonyms renders them procedurally invalid; and (4) the Notices we not accompanied by a court's order.  Each argument is baseless.

      A.      <u>The IRS Properly Issued Notice and Demand for Payment</u>

Plaintiff's first allegation is that he did not receive Notice and Demand for Payment for the years at issue.  Amended Compl. ¶¶ 10-17.[1]  Plaintiff only challenges that he did not receive the Notice and Demand for Payment, not that the notice was never sent.  26 U.S.C. § 6303(a) provides that, within 60 days after making an assessment pursuant to § 6203, the Secretary shall give notice to each person liable for the unpaid tax, state the amount and demand payment thereof.  Further, "[s]uch notice shall be left at the dwelling or usual place of business of such person, or shall be sent by mail to such person's last known address."  26 U.S.C. § 6303(a).  Nothing in the statute or regulation requires the Service to establish receipt of the notice and demand, as long as it is mailed to the taxpayer's last known address.  *Williams v. Commissioner*, T.C.M. 2008-173, *8-9 (T.C. 2008) (rejecting taxpayers demands for proof that Notice and Demand Letter was received and holding Forms 4340 as sufficient proof of the issuance of the

---

[1] Although this Court has previously construed Plaintiff's allegations as challenging the procedural validity of the federal tax liens, it is doubtful that Plaintiff's allegation concerning failure to receive notice and demand for payment constitutes such a challenge.  Recently, the Eleventh Circuit rejected taxpayers' challenges to the filing of a notice of federal tax lien under 26 U.S.C. § 7433 - dealing with actions for wrongful collection - based upon the taxpayers' contention that the underlying assessments were untimely.  The court found that "the essence of the Plaintiffs' claim is that no taxes were owed and <u>not that the procedures used to collect the unpaid taxes were improper.</u>" *Sande v. United States*, 2009 WL 1054375, *2 (11th Cir. April 21, 2009) (emphasis added).  Although the context here is slightly different, the United States submits that the conclusion should be the same.

Notice and Demand Letter)l *Reynolds v. Commission*, T.C.M. 2006-192 (T.C. 2006); *Craig v. Commissioner*, 119 T.C. 252, 262-63 (T.C. 2002).

The Internal Revenue Service's Certificates of Assessments and Payments, or Form 4340, can be used to demonstrate that a notice of payment was sent to the taxpayer. *United States v. Chila*, 871 F.2d 1015, 1019 (11th Cir. 1989). A notice of balance due constitutes a notice and demand for payment under 26 U.S.C. § 6303(a). *Shaper v. Commissioner*, T.C.M. 2002-203 (T.C. 2002); *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). The Forms 4340 will demonstrate that for each of the years in question, the IRS sent to Plaintiff, pursuant to 26 U.S.C. § 6303(a) a Statutory Notice of Balance Due on the date the assessment was made against Plaintiff. Indeed, Forms 4340 also demonstrate that the IRS sent additional notices each year with the Notice of Intent to Levy and in some years, the Taxpayer Delinquency Notices. The taxpayer has not asserted that he has not received these. Thus, for the years 1996 through 2005, the IRS has demonstrated compliance with 26 U.S.C. §6303 by transmitting notice to the taxpayer's last known address.

      B.     <u>Notices of Federal Tax Lien Are Properly Certified</u>

Plaintiff's second challenge to the procedural validity of the Notices of Federal Tax Lien states that the liens are invalid because they are not accompanied by the appropriate certification. Compl. ¶¶ 18-22. In support of this contention, Plaintiff cites to 26 U.S.C. § 6065 and Florida Statute § 713.901. 26 U.S.C. § 6065 requires that tax returns, and other documents filed by the *taxpayer,* be filed with a verification that it is made under the penalties of perjury, and is inapplicable to Notices of Federal Tax Lien. Accordingly, 26 U.S.C. § 6065 does not impose any certification requirement for Notices of Federal Tax Lien.

Florida Statute § 713.901, enumerating the procedural requirements of filing a notice of lien under Florida law, is equally inapplicable. Florida state law cannot be used to cancel federal tax liens. *See, e.g., Christiansen v. I.R.S.*, No. 6:01-CV-74, 2001 WL 34113853 (M.D. Fla. Apr. 16, 2001); *Decker v. United States*, 2007 U.S. Dist. LEXIS 96183 at *4, Case No. 8:07-cv-747-T-27EAJ (M.D. Fla. September 20, 2007); *Ridenbough v. Long*, 246 F. Supp. 2d 849, 854 (S.D. Ohio 2002). Indeed, 26 U.S.C. § 6323(f) specifically states: "The form and content of the notice referred to in subsection (a) shall be prescribed by the Secretary. Such notice shall be valid notwithstanding any other provision of law regarding the form or content of a notice of lien." *See Ridenbough*, 246 F. Supp. 2d at 854 ("26 U.S.C. § 6323 supercedes state law"). Therefore, a "[n]otice of a federal tax lien need not be filed in accordance with the laws of the state where the property is located, except those pertaining to the place of filing." *See United States v. Union Cent. Life Ins. Co.*, 368 U.S. 291, 294 (1961); *United States v. Winterburn*, 749 F.2d 1283, 1286 (9th Cir. 1984).

Treasury Regulation 301.6323(f)-1(d) further provides only that a Notice of Federal Tax Lien be filed on a Form 668, and must identify the taxpayer, the tax liability giving rise to the lien and the date the assessment rose. A Notice of Federal Tax Lien need not be signed in order to be valid. *Hult v. Commissioner,* T.C.M. 2007-302 (T.C. 2007). Each of the Notices of Federal Tax Liens attached as Exhibits A and D to the amended complaint were filed on a Form 668, and include the taxpayer's name, the tax liability giving rise to the lien and the date the assessment arose.

Finally, notices of federal tax liens are only released pursuant to federal law. 26 U.S.C. § 6325(a) sets forth only two bases upon which a lien may be released: (1) the liability is either

satisfied or has become legally unenforceable, or (2) an appropriate bond is furnished. In this case, the complaint makes neither of the factual assertions necessary to support the Secretary's duty to release the federal tax lien filed against the taxpayer. Accordingly, Plaintiff cannot established grounds for canceling the tax lien.

      C.      <u>Notices of Federal Tax Lien Are Property Authorized and Authenticated</u>

Plaintiff also claims that the Notices of Federal Tax Liens at issue are not properly authorized or authenticated by employees of the IRS because such employees use pseudonyms in signing the Notices of Federal Tax Lien. Amended Compl. ¶¶ 28-39.[2] As previously stated, the form and content of a notice of federal tax lien is governed by 26 U.S.C. § 6323(f), and the Notices of Federal Tax Lien at issue met all form requirements by being filed on a Form 668 which identified the taxpayer, the tax liability giving rise to the lien, and the date the assessment arose. Treas. Reg. 301.6323(f).

Plaintiff also challenges the Notices of Federal Tax Lien at issue because, he contends,

---

[2] In support of his allegations, Plaintiff cites the Internal Revenue Manual for the theory that the Notices of Federal Tax Lien are invalid because the documents did not contain a statement that the names used were pseudonyms. Even if the use of pseudonyms were improper - and they are not - an agency's violation of internal agency procedures does not confer procedural or substantive rights on the individual who suffered as a result of that violation. *United States v. Carceres*, 440 U.S. 741, 752-53 (1979); *Miller v. United States*, 117 F.3d 1414, 1997 WL 381958,*2 (4th Cir. 1997) (unpublished); *United States v. McKee*, 192 F.3d 535, 540 (6th Cir. 1999). Consequently, the question of whether the Internal Revenue Service filed the Notices of Federal Tax Lien in compliance with the provisions of the Internal Revenue Manual is not a valid cause of action, and the United States is entitled to judgment as a matter of law with respect to alleged violations of the Internal Revenue Manual policies and procedures.

    Plaintiff additionally cites to Florida Statute § 843.0855 "Criminal actions under color of law or though the use of simulated legal process." For the reasons stated above in section B, the form of a Notice of Federal Tax Lien is determined by federal law and reliance upon state statutes is misplaced. Plaintiff's reliance on 18 U.S.C. § 1001(a)(3), a federal criminal fraud statute, is similarly misplaced.

names appear on the Notices that are pseudonyms used by employees of the IRS. However, the use of a pseudonym is of no consequence to the validity of the tax lien, which can even be unsigned. *Hult v. Commissioner*, T.C.M.2007-302, 94 T.C.M. (2007); *Tolotti v. Commissioner*, T.C.M. 2002-86, 83 (T.C. 2002) (upholding the validity of a notice of federal tax lien filed on Form 668(Y) and bearing a facsimile signature, although the lien was not certified as required by Nevada statute). Consequently, the United States is entitled to judgment as a matter of law that the Notices of Federal Tax Lien are valid because use of a pseudonym does not invalidate a Notice of Federal Tax Lien.

Moreover, the employees singing the Notices were authorized to do so. A Notice of Federal Tax Lien must be filed by the Secretary, or his delegate. 26 U.S.C. §§ 6323(a), 7701(a)(11)(B). A delegate "means any officer, employee, or agency of the Treasury Department duly authorized by the Secretary of the Treasury directly, or indirectly by one or more redelegations of authority, to perform the function mentioned or described in the context." 26 U.S.C. § 7701(a)(12)(A)(i). Delegation Order 5-4 (Rev. 1) authorizes the following positions to sign Notices of Federal Tax Lien:

> SB/SE and W&I GS-9 and above Revenue Officers and GS-9 and above Dyed-Fuel Compliance Officers; SB/SE GS-9 and above Offer-in-Compromise Examiners and GS-9 and above Insolvency Specialists; SB/SE and W&I GS-9 and above Tax Resolution Representatives and Field Assistance Group Managers; SB/SE and W&I GS-8 and above Customer Service Representatives and GS-592/962-6 and above Collection personnel (except for Lien Processing personnel).

Internal Revenue Manual 1.2.44.4, available at http://www.irs.gov/irm/part1/index.html. R.A. Mitchell, Director of the Campus Compliance Operations at the Cincinnati Service Center, is at the executive service level. C. Nichols is a SB/SE Revenue Officer at Grade 12. Both

employees are authorized pursuant to the Internal Revenue Manual provision cited above to file notices of federal tax lien. Consequently, because the signing officials were delegated the authority to sign notices of federal tax lien, the United States is entitled to judgment as a matter of law that the Notices of Federal Tax Lien at issue were properly authorized and authenticated.

      D.      <u>Absence of Court Order or Warrant of District Does Not Invalidate the Notices of Federal Tax Lien</u>

Plaintiff's final challenge to the procedural validity of the Notices of Federal Tax Lien is that they are unaccompanied by warrants of district or court orders. Amended Compl. ¶¶ 40-43. In support of this theory Plaintiff cites to sections 26 U.S.C. §§3600-3697 of the 1939 tax code. The sections cited are not currently found in the United States Code. As stated above, the Notices of Federal Tax Lien are procedurally valid under the only statute with the force of law to invalidate tax liens, 26 U.S.C. § 6323(f), as well as under Treas. Reg. 301.6323(f).

### III. Plaintiff Cannot Challenge the Underlying Assessments

In the report and recommendation of the Magistrate Judge, adopted by the Court, the Court retained subject matter jurisdiction over the complaint and construed Plaintiff's amended complaint as one challenging the procedural validity of the tax liens, rather than the underlying assessment or liability. [DE # 34, 43.] Specifically, 28 U.S.C. § 2410, as interpreted by the Eleventh Circuit, permits a taxpayer to challenge the procedural validity of a tax lien. *Stoecklin v. United States*, 943 F.2d 42, 43 (11th Cir. 1991). In retaining jurisdiction to hear the procedural challenges, the Court expressly held that "It is equally well[-]established that a taxpayer may not, however, challenge the merits of the underlying assessment under this section." (citing *Stokelin*, 943 F.2d at 43 (citation omitted)). [Report & Recommendation, DE # 34 at 5.] To the extent Plaintiff challenges the assessments underlying the Notices of Federal

Tax Lien, the United States is entitled to judgment as a matter of law on those allegations.

Count I of the Complaint, which purports to challenge the procedural validity of the tax liens, attacks the assessments themselves. Plaintiff alleges that the IRS improperly assessed Plaintiff by violating various assessment statutes including Section 6203 of the Internal Revenue Code, the "Method of Assessment." Plaintiff's allegations challenge the assessments themselves, rather than the procedural validity of the filing of the Notices of Federal Tax Lien.

As the Report and Recommendation only construed jurisdiction for the purpose of challenging the procedural validity of the tax lien claims, the United States is entitled to judgment as a matter of law as to any attempt to challenge the tax assessments rather than the Notices of Federal Tax Lien.

## IV.     Plaintiff Cannot Challenge the Levies Here

As stated above, the Court construed Plaintiff's complaint as a valid challenge to the procedural validity of the tax liens. Levies are not subject to challenge under 28 U.S.C. § 2410. By its terms, 28 U.S.C. § 2410 only permits actions concerning property in which the United States has a lien. It does not authorize Plaintiff to challenge the levies here.

Indeed, the only statutory waiver to the challenge of a levy is 26 U.S.C. § 7426, which expressly bars actions by the taxpayer. *See* 26 U.S.C. 7426(a). Because Plaintiff is the person assessed, he cannot bring suit for wrongful levy. The United States has not waived sovereign immunity with respect to § 7426 claims brought by the persons against whom the taxes have been assessed. *See McGinness v. United States,* 90 F.3d 143, 145 (6th Cir.1996); *D'Angelo v. United States*, No. 07-60039, 2008 WL 2906663, *2 (S.D. Fla. 2008).

Plaintiff challenges the levies the IRS made based on the assessments described above.

Amended Compl. ¶¶ 23-27, 44-46.  Specifically, Counts III and VI of the amended complaint allege that the Defense Finance and Accounting Service is violating a Department of Defense regulation by continuously collecting on the levy issued by the IRS.  As established above, an agency's violation of internal agency procedures does not confer procedural or substantive rights on the individual who suffered as a result of that violation.  *Sharp v. United States*, 82 Fed. Cl. 222, 225 (Fed. Cl. 2008) (holding that the Department of Defense Financial Management Regulation is not subject to any deference by the Court because the FMR constituted an agency guideline rather than a regulation formally interpreting a statute).  Accordingly, Plaintiff has no remedy for a perceived violation of a Department of Defense internal regulation.

Finally, Count VI of the amended complaint contends that the IRS levied in excess of what is permitted by law.  Plaintiff seeks declaratory and injunctive relief requesting that the Court "declare null and void" the notice of levy.  Plaintiff purports to bring this cause of action under 26 U.S.C. § 6331.  However, § 6331 does not provide a cause of action to challenge the levy.  The Anti-Injunction Act expressly precludes the court from exercising jurisdiction over any action that seeks to enjoin the collection of taxes.  26 U.S.C. § 7421(a). Plaintiff has the option of paying his taxes in full and bringing a refund suit, or he could have initiated a Collection Due Process proceeding with the IRS alleging that the levy was in excess of what is permitted.[3]  Plaintiff's remedy for levy in excess of what is permitted is not in this Court.

Accordingly, because an action for wrongful levy is not a challenge to the procedural

---

[3] The IRS did consider and reject an appeal brought by Plaintiff for economic hardship of Plaintiff and his family.  Plaintiff did not initiate an action that the levy was in excess of what was permitted by law.

validity of the tax lien under 28 U.S.C. § 2410(a), the United States has not waived sovereign immunity with respect to Plaintiff's present challenge to the levy.

## V.     Plaintiff Cannot Receive Monetary Relief

Although Plaintiff brought this suit under 28 U.S.C. § 2410, the prayer for relief requests that the Court restore the money taken from his retirement account.  28 U.S.C. § 2410 does not confer any right to monetary relief and only pertains to property rights.  Essentially, Plaintiff is seeking a refund.  However, a prerequisite to filing a suit for refund is that the taxpayer submit payment in full of the balance due.  *Flora v. United States*, 357 U.S. 63, 78 (1958).  Plaintiff has not paid the balance due for the years at issue and has not satisfied the prerequisites for a refund suit in district court.

To the extent the Court construes Plaintiff's amended complaint as an action for damages as the result of improper collection by the IRS under 26 U.S.C. § 7433(a), Plaintiff has failed to exhaust his administrative remedies with respect to a claim under § 7433.  26 U.S.C. § 7433(d)(1) requires that, as a prerequisite to a suit for damages related to collection activity, the taxpayer must exhaust administrative remedies. 26 U.S.C.A. § 7433(d)(1); 26 C.F.R. § 301.7433-1.  Plaintiff has not alleged or established that he pursued any administrative remedies with respect to the continuous levy.  Thus, the Court cannot entertain an action by the Plaintiff under 26 U.S.C. § 7433 because Plaintiff has not met the prerequisites required to bring such a suit to district court.  *Delvecchio v. Smith*, 558 F. Supp. 2d 1243, 1279 (S.D. Fla. 2008); *see also Tempelman v. Beasley*, 1994 WL 708145 *2 (1st Cir., Dec. 21, 1994); *Venen v. United States*, 38 F.3d 100, 103 (3d Cir.1994); *Park v. Internal Revenue Service District Director*, 1994 WL 416096 * 1 (9th Cir., Aug. 9, 1994).  Therefore, this Court has no subject-matter jurisdiction to

consider any prayer by the Plaintiff for monetary relief.

Dated: July 1, 2009               Respectfully Submitted,

                                  THOMAS F. KIRWIN
                                  United States Attorney

                                   /s/ Katherine Walsh
                                  Katherine Walsh
                                  Trial Attorney, Tax Division
                                  United States Department of Justice
                                  Post Office Box 14198
                                  Ben Franklin Station
                                  Washington, DC 20044
                                  Telephone (202) 353-7205
                                  Katherine.Walsh@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing UNITED STATES OF AMERICA'S TRIAL BRIEF was filed electronically on July 1, 2009, on CM/ECF and by depositing a copy in the United States Mail postage prepaid and by Federal Express Overnight on July 1, 2009, to the following:

Ward Dean
06076-017
FCI Tallahassee
501 Capital Circle, NE
Tallahassee, FL 32301

    /s/ Katherine Walsh
Katherine Walsh
Trial Attorney, Tax Division
U.S. Department of Justice