UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**WARD DEAN,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　**CASE NO. 3:08cv125/RS/MD**

**UNITED STATES OF AMERICA,**

    **Defendant.**

_____/

## ORDER

Before me is Government's Motion for Summary Judgment (Doc. 63) and Plaintiff's response (Doc. 74).

### I. STANDARD OF REVIEW

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252, 106 S. Ct. 2505, 2512 (1986). The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H.*

*Kress & Co.*, 398 U.S. 144, 90 S. Ct. 1598 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).  Thus, if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (*citing Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)).  However, a mere 'scintilla' of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (*citing Anderson*, 477 U.S. at 251, 106 S. Ct. at 2512).

## II. ANALYSIS

Plaintiff is challenging the procedural validity of the Notice of Federal Tax Liens and the Notice of Levy filed against his Navy pension.  Plaintiff contends that (1) The assessment in which the liens are based are procedurally invalid; (2) Records of the assessment were not provided to the Plaintiff upon request; (3) No lawful Notice and Demand for Payment was sent to Plaintiff; (4) Notices of Federal Tax Lien were not certified nor signed under penalty of perjury; (5) R.A. Mitchell, whose signature appears on the NFTLs, had no first-hand factual knowledge of the documents on which her facsimile signature appeared; (6) C.

Nichols, whose name appears in the signature block of the NFTLs, is a pseudonym; (7) C. Nichols' name and signature were in the signature block of the NOL as the authorizing officer; and (8) DFAS, since April 2007, has wrongfully treated the IRS Notice of Levy as a continuous levy, in violation of DoD Finance Management Regulations.

**a. Assessment Procedurally Invalid, Records of Assessment not provided**

Plaintiff claims that the underlying assessments were procedurally invalid because they fail to comply with 26 C.F.R. 301.6203-1, which requires that an assessment officer make and sign the summary record of assessment. 26 C.F.R. 301.6203-1 (1967). Plaintiff and the Government agree that Form 23C is used to meet this regulation. Plaintiff states that he has repeatedly asked the Government to produce the Form 23C, or any other document creating a procedurally valid assessment, but has only received a Certificate of Assessment, Payments, and Other Specified Matter (Form 4340) dated March 24, 2009. However, the Certificate of Assessment, Payments, and Other Specified Matter (Form 4340) dated March 24, 2009, signed by an IRS agent who certified that it is a true transcript of all assessments, penalties, interest, and payments on record for Plaintiff, that shows a date the Form 23C was issued, is presumptive proof that all

the statutes and regulations were met. *U.S. v. Chila*, 871 F.2d 1015, 1017 (11th Cir. 1989); *United States v. Dixon*, 849 F.2d 1478 (11th Cir. 1988).

Plaintiff argues that the fact that the Certificate of Assessment, Payments, and Other Specified Matter (Form 4340) dated March 24, 2009, was prepared for litigation, and the fact that the Government has not provided verifiable proof, rebuts the presumption. The Government maintains an ongoing records for all taxpayers; when Plaintiff requested his assessment during discovery, the Government printed, signed and certified a true transcript of all assessments, payments, etc., for Plaintiff. This is sufficient. The Government was not required to provide Plaintiff with additional evidence. Summary judgment is appropriate on this issue.

**b. Notice and Demand for Payment not sent to Plaintiff**

Plaintiff contends that he never received a Notice and Demand for Payment. It is not required that Plaintiff must physically receive the Notice and Demand; it must be "left at [his] dwelling or usual place of business" or "sent by mail to [Plaintiff]'s last known address." 26 U.S.C. § 6303(a) (1976). Plaintiff does not assert that the Government did not mail it to his last known address. Therefore, summary judgment is appropriate on this issue.

**c. Notices of Federal Tax Lien not Certified or Signed**

Plaintiff argues that the Notice of Federal Tax Lien was not certified or signed in accordance with 26 U.S.C. § 6065, so it was procedurally invalid. 26 U.S.C. § 6065 (1976). However, the Tax Court has determined that 26 U.S.C. § 6065 only applies to documents originating with the taxpayer. *Milam v. C.I.R.*, 87 T.C.M. (CCH) 1214 (2004), *action on dec.*, 2004-94 (April 6, 2004) (*citing Davis v. C.I.R.*, 115 T.C. 35 (2000). Therefore, the Notice of Federal Tax Lien is not required to be certified or signed. Summary judgment is appropriate on this issue.

**d. Pseudonyms, No First-Hand Knowledge**

Plaintiff maintains that the notices were procedurally invalid because the signatures were pseudonyms and signed by a person with no first-hand knowledge of the lien. "The form and content of the notice…shall be prescribed by the Secretary." 26 U.S.C. § 6323(f)(3) (1998). Form 668 has been selected as the manner to provide notice. 26 C.F.R. § 301.6323(f)-1(d)(1) (1967). A Form 668 must identify the taxpayer, the tax liability giving rise to the lien, and the date the assessment arose regardless of the method used to file the notice of Federal tax lien. *Id*. at § 301.6323(f)-1(d)(2). There is no requirement for a signature or personal knowledge. Therefore, even looking at the facts in the light most favorable to Plaintiff, the notices are procedurally valid if signed by pseudonyms

or a person without first-hand knowledge. Summary judgment is appropriate on this issue.

**e. DFAS treated Notice of Levy as Continuous Levy**

Plaintiff contends that a warrant for distraint is required for the Government to levy his Navy pension because it was required in the 1939 Internal Revenue Code. Plaintiff argues that when Congress passed amendments in 1954, the intent was to continue in effect the provisions of existing law relating to distraint and levy. While that may be true, this statute has been amended numerous times. *See* 26 U.S.C. § 6331 (2004). The requirements to make a levy do not include a warrant for distraint, and a levy automatically continues on a salary or wages from the date the levy is first made until it is released. 26 U.S.C. § 6331(d), (e) (2004). Thus, summary judgment is appropriate on this issue.

**IT IS ORDERED:**

1. Summary Judgment is entered for Defendant, and this case is dismissed with prejudice.
2. The trial, set for July 16, 2009, is cancelled. The United States Marshals no longer need to house Plaintiff in the Federal Detention Center located in Tallahassee, Florida.

3. The clerk is directed to close the file.


**ORDERED** on July 7, 2009.

                                            /S/ Richard Smoak
                                            **RICHARD SMOAK**
                                            **UNITED STATES DISTRICT JUDGE**